ANTONIA HENRI, Respondent, *vs.* THE GRAND LODGE OF UNITED ANCIENT ORDER OF DRUIDS OF THE STATE OF MISSOURI, and THE OCCIDENTAL GROVE NO. 16, U. A. O. D., Appellants.

1. *Practice, civil—Agreed statement partially omitted in bill of exceptions—Presumption as to judgment below.*—Where part of an agreed statement on which the trial court based its finding is omitted from the bill of exceptions, the Supreme Court will presume that the judgment below was proper.

*Appeal from St. Louis Circuit Court.*

*Jecko & Hospes,* for Appellants.

*F. & L. L. Gottschalk,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff, as widow of Joseph Henri, deceased, to recover the sum of $500, alleged to be due to her under the charter and by-laws of the defendant—the Occidental Grove No. 16, of the United Ancient Order of Druids, and the Grand Grove of said Order—which held in trust and controlled the disbursements of all funds belonging to said Occidental Grove, of which her said husband was a member at the time of his death, which by-laws provided, that on the death of a member, in good standing, who had paid all his assessments and dues, the widow or heirs should receive the sum of $500.

Plaintiff alleged a compliance on the part of her husband, with all the requirements of the organization in relation to the payment of dues and assessments, and that her husband was a member in good standing.

Defendants admitted their incorporation, and denied the other allegations of the petition.

The case was submitted to the court upon the following agreed statement of facts: "It is agreed by and between the parties to this suit, that this cause be submitted upon the following state of facts: Defendants are incorporated by act of the General Assembly, 1864–1865, (see p. 223) Exhibit A.

p. 23 to 38, incl., are the by-laws of the defendant, the Occidental Grove, No. 16. Exhibit B. are the by-laws of the defendants, governing the mutual aid fund. Exhibit C. are the constitution and by-laws of the defendant, the Grand Grove of the U. A. O. D., from page 3 to 19, incl.; and the constitution of the subordinate Groves in the State of Missouri, from page 20 to 30, incl. Plaintiff is the widow of Joseph Henri, deceased, who was, up to his death, which occurred on the 17th day of October, 1871, and had been for more than a year previously a member of the defendant, the Occidental Grove No. 16. He had paid up all regular dues up to the time of his death; but an assessment of fifty cents, which had been made by said Grove, on October, 4th, 1871, remained unpaid at the time of his death; that the secretary of said Grove, on October 4th, 1871, carried a letter containing the notice of such assessment to the house of said Joseph Henri, who was sick in bed, and then gave it to the plaintiff herein. The plaintiff demanded the sum of five hundred dollars, on or about November 1st, 1871, of the defendants, and no part thereof has been paid. Any of the sections of the aforementioned constitutions, by-laws and regulations may be referred to and read in evidence."

There was a finding and judgment for the plaintiff, which was affirmed at General Term, and defendants have appealed to this court.

The agreed statement calls for three exhibits, containing matter according to the recitals in said statement, very material to a correct understanding of the rights and liabilities of the respective parties and essential to any intelligent review of the action of the Circuit Court, which exhibits are not to be found in the record. An agreed statement of facts is equivalent to a special verdict, and as all the facts submitted to the court below, and upon which its action was founded, are not before us, we must indulge the presumption, always made and acted upon by this court in such cases, that the judgment of the Circuit Court was right. We cannot go outside the record

and base our decision upon conflicting statements in the briefs of counsel, as to what portions of the omitted facts were or were not passed upon in the court below. The petition may have been demurrable, but it states a cause of action, and is good after verdict.

The judgment is affirmed; all the judges concur.