### JOHN CAMPBELL vs. D. W. RUSSELL.

Suffolk.    March 9. — May 8, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ.,
                                absent.

In an action to recover the balance due on a contract for building a house, the defendant contended that the work was done so unskilfully that the floors had settled. The auditor's report, introduced by the plaintiff, found this to be the fault of the architect, for which the plaintiff was not responsible. *Held*, that evidence was properly excluded, that in a house similar to this, planned by the same architect, in which some of the timbers and spans were of the same dimensions and materials as in this, and some different, the timbers had not sagged nor the floors settled.

In an action to recover the balance due on a contract for building a house, the defendant contended that the building was not completed at the date stipulated therefor. The auditor's report, introduced by the plaintiff, found the delay to have been occasioned by extra work done at the defendant's request. *Held*, that a question to the architect, whether the extra work "was of such a character as to render it impossible" for the plaintiff to complete the building by said date, was properly excluded; the defendant being permitted to show what extra work had been done, and how long it would take to do the same.

No exception lies to the rejection of a witness offered as an expert, on the ground that the witness was not qualified as such, if the bill of exceptions fails to state the evidence upon which the decision was made.

MORTON, C. J.   This is an action to recover the balance due under a contract for building a house. The defendant contended that the work was done in an unskilful and unworkmanlike manner. At the trial, the plaintiff put in the report of an auditor in his favor. The auditor found that some of the floors had settled and were not level, caused by the sagging of a timber across an arch or opening in one of the rooms; but that the plaintiff was not responsible for these defects, having followed the directions of the architect. The defendant offered to show that in a house similar to this, planned by the same architect, in which some of the timbers and spans were the same, and some different from those in this house, the timbers had not sagged and the floors had not settled.

The controversy between the parties related to the house built by the plaintiff, and not to another house. What happened to another house would not aid the jury, unless it were shown that the two houses were identical, and subject to the same forces and conditions. The court therefore rightly excluded the

evidence. *Hawks* v. *Charlemont*, 110 Mass. 110. *Commonwealth* v. *Piper*, 120 Mass. 185.

The auditor found that the extra work and alterations were of such a character as to render it impossible for the plaintiff to complete the building before the first day of January, 1882, on or before which day the house, by the terms of the contract, was to be completed. At the trial, the defendant asked the architect, " Were the extra work and alterations made in this building of such a character as to render it impossible for the plaintiff to complete it on or about January 1, 1882 ? " The court excluded this question, but ruled that the defendant might show what extra work and alterations had been done, and how long it would take to do the same, and the witness testified to such facts. The ruling was correct. The amount of extra work which had been done was in dispute. If the witness had been allowed to answer the loose and general question put to him, it would be impossible for the jury to know what extra work he had in his mind as the basis of his opinion. The court properly required that he should specify what he considered as extra work, and that he then might testify how long it would take to do it. He was thus permitted to answer the substance of the question, when put in a form which had no tendency to mislead. The defendant has no ground of exception.

The defendant asked a witness, who had examined the house, whether he found any poor work, and whether there were defects in the construction of the house. The court rejected the evidence, upon the ground that the witness was not qualified as an expert to give his opinion.

The question whether the witness had qualified himself to give his opinion, either as an expert or as a common observer, was a preliminary question, to be decided by the court at the trial; and, as the evidence upon which it was decided is not reported, the decision of the presiding justice is final. *Commonwealth* v. *Sturtivant*, 117 Mass. 122. *Perkins* v. *Stickney*, 132 Mass. 217.

*Exceptions overruled.*

*T. M. Osborne*, for the defendant.

*C. T. Gallagher*, (*N. Morse* with him,) for the plaintiff.