[No. 9784. Department One.—August 19, 1885.]

JANE L. CONNER, APPELLANT, v. LEE STANLEY. ADMINISTRATOR OF THE ESTATE OF WM. JARVIS, DECEASED, RESPONDENT.

EVIDENCE—CAPACITY TO CONTRACT—OPINION OF WITNESSES.—The issue presented to the jury for their determination was whether or not a deceased person had in his lifetime been in such a state of mind as to have been unduly influenced to make the contract in suit by the plaintiff, who claimed and was believed by the deceased to be a spiritual medium. *Held*, that the opinion of witnesses as to the capacity of the deceased to make contracts with those whom he believed to be mediums was inadmissible in evidence.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion.

*W. H. Beatty*, and *Robt. T. Devlin*, for Appellant, cited *Fairchild* v. *Bascomb*, 38 Vt. 398; *Matter of Arnold*, 14 Hun, 525; *Walker* v. *Walker's Executor*, 34 Ala. 469; *State of Missouri* v. *Klinger*, 46 Mo. 224; *Van Zandt* v. *Mut. Ben. Life Ins. Co.* 55 N. Y. 169, 179; *Taylor* v. *Monnot*, 4 Duer, 116.

*Freeman & Bates*, and *Grove L. Johnson*, for Respondent, cited *Jacox* v. *Jacox*, 40 Mich. 476; *Thompson* v. *Hawks*, 14 Fed. Rep. 902; *James* v. *Johnson*, 12 Brad. Ill. App. 290; *Transportation Line* v. *Hope*, 5 Otto, 297; *Walsh* v. *Wash. Ins. Co.* 32 N. Y. 443; *Baldwin* v. *Parker*, 99 Mass. 83; *De Witt* v. *Barly*, 17 N. Y. 340; *Melendey* v. *Spaulding*, 54 Vt. 517.

FOOTE, C.—This action was tried by a jury, and the evidence before them warranted their verdict. The instructions given by the court fully and fairly stated the law of the case, and there is no objection urged on this score by the counsel for the appellant in their brief; the evidence, except as hereinafter stated, was properly submitted to the jury.

But the trial court against the plaintiff's objection allowed the following questions to be propounded to the witness Van Den Mark, and to be answered by him: "Q.—State whether Mr. Jarvis was competent to make a contract with a person that he believed to be a medium of communication between spirits of dead people and living persons?"

"Q.— What I mean is, do you think that he was competent to make contracts with those people that came to him and claimed to be mediums, whether or not they would have an undue influence over him?

"A.— I think that they would make a contract; in making that contract they would have all the influence over him, and that he would do it under their supervision."

And to the witness Peter Yager, the following question was allowed to be put and answered against the objection of the plaintiff:—

"Q.— Would a person professing to be a medium have more or less control over him than a person not professing to be a medium?

"A.— Well a person that believed in his doctrine could do almost anything with him, and a person that did not believe in spiritualism he would not have anything to do with."

This action was brought against the administrator of the decedent Wm. Jarvis, to enforce an alleged marriage contract by causing to be delivered to the plaintiff certain bonds, or their value to be paid her.

The issue which was raised by the pleadings and presented to the jury to be by them determined was whether or not the decedent had in his lifetime been in such a state of mind as to have been unduly influenced by the plaintiff to make the contract, who the evidence disclosed claimed to be and was believed by Jarvis to be, a medium of communication between spirits of dead people and living persons.

Those questions propounded to the witnesses above mentioned, and which were answered by them, involved the precise question which was presented by an issue to be tried by the jury, and by that means the province of that body was invaded. (*Walker* v. *Walker's Executor*, 34 Ala. 469, 473; *People* v. *Westlake*, 62 Cal. 305, 309.)

Hence for the reasons stated we are of opinion that the judgment and order denying a new trial should be reversed and a new trial granted.

SEARLS, C., and BELCHER, C. C., concurred.

The Court. — For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.