## Erie City Iron Works v. Andrew Dempsey.

1. WARRANTIES—*Burden of Proof Under.*—The burden of showing that an article does not fulfill a warranty is upon the party asserting it.

2. REBUTTER—*What is Proper as.*—After letting in evidence on the part of the defendant of a defense, it is error in the court to refuse to allow witnesses called in rebuttal by the plaintiff to testify to the contrary.

3. EVIDENCE—*Comparisons in Suits upon Warranties.*—In an action upon a warranty it is error to allow a comparison of the article warranted, with one of the same kind previously used by the party.

Assumpsit, to recover the contract price of a steam engine. Trial in the Circuit Court of Du Page County; the Hon. CHARLES A. BISHOP, Judge, presiding. Verdict and judgment for plaintiff. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

J. F. SNYDER, attorney for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This suit was brought by appellant to recover the sum of $1,040, which was the contract price of an "Erie City Iron Works High Speed Corliss Engine," and the further sum of $28.75 for grate-bars, all of which had been sold and delivered by appellant to appellee. The declaration consisted of common counts, to which the defendant pleaded the general issue, and also a plea of *non est factum.* The cause was tried by a jury which rendered a verdict in favor of appellant for $527.75; the court entered judgment thereon after overruling appellant's motion for a new trial. Complain-

ing of the insufficiency of the damages, appellant brings the cause to this court and seeks a reversal for various errors assigned upon the record.

Appellee was engaged in operating an electric light plant at West Chicago, Illinois, for several years prior to November 17, 1896, using a Phœnix engine, and on that date he entered into a written contract with appellant for the purchase of one of its engines, said contract being as follows:

"Nov. 17, 1896.

Mr. A. DEMPSEY, Turner, Ill.

DEAR SIR:—For the sum of ten hundred and forty ($1,040) dollars, we propose to furnish you the following described engine and parts F. O. B. Turner, Ill.

The engine shall be one of our 12-inch by 18-inch high speed Corliss Left Hand Automatic Engines, with a nominal rating of 95 horse-power, 45 pounds M. E. P., cutting off one-quarter and making two hundred and ten revolutions.

The engine shall have a driving pulley 84 inches by $12\frac{1}{2}$ inches; weight about 3,500 pounds; diameter of steam pipe 5 inches; diameter of exhaust, 6 inches; diameter of shaft, 7 inches; diameter of crank-pin, $4x4\frac{1}{2}$ inches; length of journal, 13 inches. With this engine we propose to furnish you a full set of trimmings, consisting of: Large sight-feed lubricator; complete set of oiling devices; one set of wrenches; valve and drip pipes from cylinder and steam chest; foundation bolts and washers; templet of foundation of engine. Weight of all this will be about 15,000 pounds. This engine shall be of the best quality and workmanship and will be capable of developing its maximum horse-power without undue heating.

We guarantee this engine to equal in efficiency any Corliss engine in the market, and to not vary more than two per cent between no load and full load.

Yours truly,

ERIE CITY IRON WORKS, F. A. G.

Accepted.   A. DEMPSEY."

The engine was delivered and set up in January, 1897,

and run by appellee until about one week before the trial of this cause, when he took it out and ceased to operate it.

This suit was commenced on September 6, 1897, so it appears that appellee ran and operated the engine up to the date on which he was sued for the contract price, and until one week before the trial of this suit.

The defense relied upon was, that the engine delivered was not according to the contract, and did not comply with the warranty therein contained.

After the engine was set up and put in operation, complaints were made from time to time by appellee as to its efficiency, and men were sent by appellant to put it in proper order. In July, 1897, appellant wrote appellee a letter asking him if the engine was then satisfactory, but to this he made no reply, and it does not appear that he made any further complaints after that time.

The burden of showing that the engine did not fulfill the warranty was upon appellee, and we do not think his defense was sustained by a preponderance of the evidence. In our opinion appellant has not had a fair trial. After letting in evidence on the part of appellee that a releasing gear was one of the distinguishing features of a Corliss engine, the court refused to allow the witness Foster, called in rebuttal by appellant, to testify to the contrary thereof. We think this was wrong, and unfair to appellant.

Again, the court permitted the introduction of the indicator cards taken by Hart, a witness for appellee, but refused testimony offered by appellant to show that the cards can be made to show, by an engineer, what he wants them to show. These rulings, we think, were unfair to appellant, and must have been highly prejudicial to his case. We are also of the opinion it was error to allow a comparison of the engine sold by appellant with the Phœnix engine previously used by appellee. The trial court seems to have been of the opinion this evidence was ruled out, but the record does not show it.

We are of the opinion the verdict is not warranted by the evidence, and the court should have granted the motion for a new trial.

Appellee's sixth instruction should not have been given. The only guaranty in the contract was that the engine sold should equal in efficiency any Corliss engine in the market. Nothing whatever was said about economy, yet by this instruction the jury were told that by this guaranty the plaintiff was required to furnish to the defendant an engine which would do as efficient and *economical* service as any Corliss engine in the market. The question for the decision of the jury was, did appellant deliver to appellee the kind of an engine which it sold him, and not whether it was an economical engine. By the instruction the jury would naturally conclude that if the engine in question were not an economical one, then the warranty was not fulfilled. Under the evidence we think it was error to give this instruction.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.