Wilson, P. J.
Defendant Crawford and one Arthur H. Green leased the Kinda mining claim, of which they were the owners, to defendant Van Fleet. The lessee took possession, and soon thereafter assigned a one-half interest therein to J. E. Gregg, who was the father-in-law of defendant Crawford. Both the lease and the assignment were in writing. Mining operations, after being conducted by the lessees for sometime, were *534 suspended. Thereafter, the plaintiff brought this suit on an account for supplies furnished and work and labor performed during said mining operations under the lease. Suit was brought against Crawford and Van Fleet, upon the theory that Crawford was in fact the owner of a one-half interest in the lease which was assigned, and that Gregg was simply his agent. This was the sole issue in the case. Judgment by default was rendered against Van Fleet. Thereafter, Crawford answered, denying all indebtedness or liability. Upon trial, judgment was rendered against him also, and from this he appeals. The principal questions presented by the assignments of error relate to the admissibility of evidence.
During the trial, Lee Talley, a witness on behalf of plaintiff, and one of the miners who had performed the labor for which this suit was brought, was asked, and permitted to answer over the objection of defendant, for whom he was working. This was error. The question embraced the very substance of the issue which the court was then trying, and the answer, if accepted by the jury, might have been a complete determination of it. In order to have shown the partnership of Crawford, it was permissible only to prove by the witnesses, facts from which the law would presume such partnership. A witness could not be allowed to state a conclusion of law. Combs v. Agricultural Ditch Co., 17 Colo. 146. The existence or nonexistence of a partnership is a legal deduction from the facts shown. Smelting § Refining Co. v. Rucker, 6 Colo. App. 334. It is true that upon cross-examination this witness said that his statement that he was working for Van Fleet and Crawford was based upon an answer so obtained from Mr. Van Fleet, and upon that alone. This explanation however was not sufficient to have destroyed the prejudicial effect which his answer to the question might have had upon the jury, especially in the absence of any action by the court striking out the testimony or instructing the jury to disregard it.
Mr. Van Fleet testified as a witness on behalf of plaintiff. *535 During his examination, he was asked, “ Who were you in a half interest with, in working that mine ? ” His answer was, “ I was led to believe that Mr. Crawford would furnish Mr. Gregg with his portion of the money.” The defendant moved to strike out this answer, as not being responsive to the question. The motion was denied, and in this we think there was also error. That the answer was not responsive to the question needs no argument. It is equally apparent that although the answer was not sufficient to establish the liability of the defendant Crawford, yet it might have had a tendency to prejudice the jury against him, the answer standing alone without any attempted explanation as to whether Mr. Crawford was to furnish Mr. Gregg with the money to defray one half of the expenses of the lease on his, Crawford’s, own account and for his own interest, or whether the money was to be simply a personal advancement to Mr. Gregg.
Plaintiff sought to prove by witnesses Talley and Van Fleet certain facts from which it might be concluded that Crawford admitted that he owned a half interest in the lease. Talley was asked, “Did you make any proposition during the time you worked there to Mr. Van Fleet concerning the trading of some claim of yours to Mr. Crawford?” He answered, “ Yes, sir.” He was then asked, “ What was that? ” and over the objection of defendant, answered, “ The proposition was, I had a claim on Chicago Creek, a half interest. I proposed to trade for the lease of Crawford’s, — for his half of the lease.” It was then attempted to show that Van Fleet communicated this offer to Crawford, and that Crawford answered by a letter to Van Fleet, received in evidence, from which plaintiff claims that Crawford declined the offer, but did not disavow any ownership in the lease. It is of course elementary that before this letter could have been admitted in evidence, and before the statements of Talley and Van Fleet could have been rendered competent, it would have been first necessary to have shown that this statement was correctly communicated to Crawford by Van Fleet. All that Van Fleet said about this in his testimony was, “ I rec *536 ollect writing to Mr. Crawford concerning some proposition about the lease that Lee Talley had made to me. I think it was in September, 1897. It was a letter written by me to Mr. Crawford. I did not mail it. I sent it down to be mailed. I received an answer to it. The letter was addressed to Kansas City, Mo. I should judge this was in Mr. Crawford’s handwriting. I think it is the letter I received in answer to my proposition.” Aside from the general indefiniteness of the answer of the witness, there was no attempt to give the contents of his letter to Mr. Crawford, nor did he state what proposition about the lease Talley had made to him, nor what proposition he had communicated to Mr. Crawford. The letter itself did not cure any of these defects, because it did not mention, either directly or inferentially, any proposition whatever from -the witness Talley, and it did not contain any language from which the inference could be drawn that the writer owned any interest in the lease. The admission of this incompetent evidence might have had great weight with the jury, and hence was material error.
Where there is conflict of evidence with reference to questions of fact, this court will not substitute its judgment for that of the jury, provided there was evidence to sustain the verdict. Without violating this settled rule, however, we have a right to examine the evidence for the purpose of determining whether there was any to support the verdict. If there was none, we have a right to so hold, without transgressing the established rule of appellate procedure. In this case we think there was no evidence to sustain the finding of the jury that the defendant Crawford was at all liable. Before he could have been held liable as a partner or colessee with Van Fleet, facts must have been shown which were sufficient in law to justify and support the conclusion that such relation existed. A finding to that effect could not be based upon and sustained by mere supposition or. guess, or suspicions which might or might not be correct. It is not necessary to point out specifically the testimony given to *537 show its weakness and insufficiency, because the judgment must be reversed in any event, on account of the admission of incompetent material testimony. We will simply say that there is no fact shown which was inconsistent with the position of defendant Crawford that he had no interest whatever in the lease; that Gregg was not his agent in acquiring the one-half interest in the lease, and that the money which he had advanced to Gregg to pay his share of the lease expenses, was simply a loan to Gregg. At another trial, there may be sufficient competent evidence to establish the liability of Crawford, but so far there is not. The judgment will be reversed.

Reversed.