## ACME HARVESTER COMPANY v. E. ERNE.

### No. 12,419.   (66 Pac. 1004.)

1. PROMISSORY NOTE— *Warranty — Burden of Proof.* Where the execution of notes for a harvesting-machine is admitted and the defendant files a counter-claim based upon the breach of an express warranty of the machine, he must prove not only the existence of the warranty, but its terms and conditions, the breach thereof, and the damages sustained, in order to defeat a recovery by the plaintiff, and upon failure so to do a demurrer to the evidence should be sustained.

2. ——— *Evidence Insufficient.* The plaintiff in this action sup-

plied the defect in defendant's testimony and made proof of the warranty, but the defendant failed to prove compliance on his part with the conditions and agreements contained in the warranty, or excuse for non-performance, or waiver by the plaintiff, and therefore his defense cannot prevail.

Error from Montgomery district court; A. H. SKID-MORE, judge.   Opinion filed December 7, 1901.   Division two.   Reversed.

*J. B. & W. E. Ziegler*, and *Luther Freeman*, for plaintiff in error.

*J. H. Keith*, and *Roy T. Osborn*, for defendant in error.

*Per Curiam:* This was an action brought in justice's court by the Acme Harvester Company against E. Erne to recover on two promissory notes given in payment of a harvesting-machine.   Defendant filed a cross-demand, alleging the purchase of the header and the giving of the notes upon an express warranty, partly in writing and partly oral; that the machine did not comply with the warranty, but was defective; and that he was damaged in the sum of $300 by reason of failing to get his crop saved in the years 1895 and 1896 on account of the defective condition of the machine.   He demanded a cancelation of the notes and judgment for the sum of $300.   The defendant recovered in justice's court and plaintiff appealed to the district court, where the defendant again had judgment, and plaintiff brings error.

The execution of the notes being admitted, and the foundation of defendant's cross-demand being based upon the breach of an express warranty of the machine purchased, it was incumbent on the defendant to prove not only the existence of such warranty, but also its terms and conditions, the breach thereof, and the

damages sustained, to defeat a recovery by plaintiff on the notes, or to entitle the defendant to an offset against the same.

Upon the trial the defendant wholly failed to prove either the existence of the express warranty pleaded or its terms and conditions; hence the demurrer to the evidence by plaintiff should have been sustained. However, the plaintiff supplied this defect on the trial and made proof of a written warranty on which the machine was sold by plaintiff to defendant. Had the defendant then proved compliance with the conditions and agreements contained in this warranty, precedent on his part to be performed before recovery, and a breach of the conditions and obligations of the plaintiff, he might still have recovered. However, as to the notice to the company, the return of the machine, and other express conditions by the terms of the warranty proved imposed on defendant, to be by him performed to entitle him to the right of recovery against the plaintiff, he failed to prove compliance with them, excuse for non-performance, or waiver by the plaintiff.

There was also error in the admission of evidence offered by defendant to sustain the allegations of damages pleaded sufficient to work a reversal of the judgment.

For these reasons, the judgment must be reversed and the cause remanded for a new trial.

CUNNINGHAM, GREENE, POLLOCK, JJ.