### CARTER & DOROUGH *v.* MINTON *et al.*

TURNER, J. 1. When, in defense to a suit on a promissory note, the defendant pleads that the consideration therefor was an organ sold under a covenant of warranty and an agreement to repair certain known defects, with which obligation the plaintiff failed and refused to comply, it is incumbent on the defendant, not only to prove a breach of such agreement, but also to introduce evidence which will enable the jury to estimate the damages thereby sustained.

2. It appearing, from the recitals of fact and the brief of evidence set forth in the petition for certiorari in this case, that, on the trial thereof in the justice's court in which it was brought, the defendants failed to establish by evidence any of the special defenses relied on by them, save only that they were entitled to a small credit upon the note sued on, but that the jury nevertheless returned a general verdict in their favor, the judge of the court below erred in refusing to sanction the plaintiffs' petition for certiorari.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*

Submitted January 25, — Decided February 12, 1904.

Certiorari. Before Judge Mitchell. Echols superior court. January 13, 1903.

*E. K. Wilcox,* for plaintiffs. *R. G. Tison,* for defendants.

---

### COLUMBIA DRUG COMPANY *v.* GOODMAN.

FISH, P. J. Where suit was brought, in a county court, upon an open account properly sworn to by the plaintiff, the judge erred in refusing to strike, on plaintiff's motion, a plea of payment which was not verified (Acts 1901, p. 55) ; and a certiorari assigning error upon such a ruling should have been sustained.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*

Submitted January 25, —Decided February 12, 1904.

Certiorari. Before Judge Mitchell. Berrien superior court. March 27, 1903.

*Hendricks & Harrison,* for plaintiff.