### Mary J. Loftus v. John Loftus.

1. HABITUAL DRUNKENNESS—*when evidence as to, incompetent.* In a divorce proceeding where the charge is habitual drunkenness, evidence of the sobriety of the defendant after the period upon which the charge is predicated is incompetent.

2. REBUTTAL—*when exclusion of evidence offered upon, erroneous.* It is error to refuse to permit the complainant to rebut affirmative evidence offered by the defendant.

3. DIVORCE—*what not wilful desertion.* It is not wilful desertion for a husband to leave his wife and to absent himself from her, where she has given her consent.

4. DIVORCE—*what does not justify desertion.* Desertion is not justified by treatment which interferes with and disturbs the peace and quiet of the party charged with the desertion.

Divorce. Error to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

JOHN J. REA, for plaintiff in error.

F. M. and H. I. GREEN, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error filed her bill for divorce, charging defendant in error with wilful desertion, without any reasonable cause, for the space of two years from July 4, 1903, and with habitual drunkenness for the space of two years prior thereto. A trial by jury resulted in a verdict in favor of defendant in error upon both issues, and thereupon the bill of plaintiff in error was dismissed by the court for want of equity.

The application of plaintiff in error for an allowance of temporary alimony and suit money was addressed to the sound judicial discretion of the chancellor, and we are not prepared to say that in this case the chancellor abused such discretion in denying the application.

It is urged by counsel for plaintiff in error that he was unduly restricted by the court in the direct examination of witnesses for plaintiff in error and in the cross-examination of witnesses for defendant in error, but our attention is not specifically directed to any interrogatories as to which it is claimed objections were improperly sustained. An examination, however, of the record does not disclose that plaintiff in error was prejudiced by the rulings of the court referred to.

Over the objection of plaintiff in error certain witnesses called on behalf of defendant in error were permitted to testify respecting the habits of defendant in error for sobriety after July 4, 1903, and while he was living separate and apart from plaintiff. Upon that branch of the case the issue, under the pleadings, was, whether or not defendant in error had been guilty of habitual drunkenness for the space of two years next preceding July 4, 1903, and evidence, therefore, that defendant in error was not an habitual drunkard after the date was incompetent and improperly admitted.

As tending to show that defendant in error did not desert plaintiff in error without reasonable cause, defendant in error and one or more witnesses called on his behalf testified to having seen plaintiff in error strike defendant in error and having heard plaintiff in error tell defendant in error to go away and leave her and to stay away. The specific instances related by these witnesses were not the subject of inquiry prior to their examination, and were not referred to by any of the witnesses who testified on behalf of plaintiff in error.

At the close of the evidence on behalf of defendant in error, certain witnesses called on behalf of plaintiff in error were interrogated by her counsel with reference to the specific occurrences mentioned, for the purpose of contradiction or explanation, but upon the objection of defendant in error they were not permitted to testify. This was error. Permitting a plaintiff to introduce evidence of an affirmative matter in rebuttal, where such evidence might properly have been offered in chief, is largely discretionary with the trial court, but where a defendant introduces evidence of an affirmative matter in defense or justification, the plaintiff, as a matter of right, is entitled to introduce evidence in rebuttal as to such affirmative matter. Erie City Iron Works v. Dempsey, 77 Ill. App. 667.

If defendant in error left the home in Champaign, at the request or direction of plaintiff in error, or with her consent, and has since absented himself therefrom with her consent, he cannot be charged with wilful desertion within the meaning of the statute. On the other hand, proof merely of such treatment of him by her as interfered with or disturbed his peace and quiet would not justify him in abandoning her and persisting in such abandonment.

The fourth instruction given at the request of defendant in error, in so far as it states a contrary doctrine, is erroneous.

An examination of the other instructions complained

of as having been improperly given and refused, does not disclose that the trial court committed any error in that regard.

For the errors indicated, the decree is reversed and the cause remanded.

*Reversed and remanded.*