## BILBY v. THOMAS GIN-COMPRESS CO.

No. 1909.    Opinion Filed June 25, 1912.

(124 Pac. 1093.)

1.  **EVIDENCE—Opinion Evidence—Matters Directly in Issue.** Plaintiff sold defendant certain gin machinery, with a warranty that with proper management it was capable of doing good work, and in ginning rough and dirty cotton would make a cleaner sample than any other gin on the market running under the same conditions; that the materials used in its construction were guaranteed to be of the best stock obtainable and the workmanship A No. 1. On the failure of the defendant to pay for the same, plaintiff brought suit for the price thereof. Defendant pleaded the contract of sale, the warranty, and its breach. On the examination by plaintiff of its salesman, shown to have been a man possessing years of experience with such machinery, over the objection and exception of defendant, he was permitted to answer in the affirmative the following questions: "I will ask you to state whether or not the machinery that you sold Mr. Bilby was exactly as represented in the contract which he signed?" and, "Mr. Hutchinson, now, I will ask you that with proper management, now this warranty that Mr. Bilby signed at the time you sold him this machinery, that with proper management they are capable of doing good work, and in ginning rough and dirty cotton will make a cleaner sample than any other gin now on the market, running under the same conditions, will they do that?" and, "It says that the materials used in their construction are guaranteed to be of the best stock obtainable and the workmanship A No. 1, is that true?" **Held,** that the answers to the same, if accepted by the jury, amounted in effect to a determination of the specific issues then on trial, and the same were erroneous and prejudicial.

2.  **SAME.** On a trial of an action wherein defendant pleads the breach of a warranty given by a vendor in his contract of sale of certain machinery, it is competent for defendant to show every fact which would support his claim that the machinery did

not fulfill the warranty, but the same must be shown by facts, and not by the statement of mere conclusions.

3.   **SALES—Breach of Warranty—Burden of Proof.** Where the only defense to an action to recover the purchase price of gin machinery delivered to the defendant and used by him is that it failed to conform to certain express warranties made by plaintiff, the burden is not on the vendor to show that it met the warranties, but is on the defendant to show that the same failed so to do.

(Syllabus by the Court.)

<i>Error from District Court, Hughes County;<br>John Caruthers, Judge.</i>

Action by the Thomas Gin-Compress Company against N. V. Bilby. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*Lewis C. Lawson,* for plaintiff in error.

*Crump, Skinner & Bailey,* for defendant in error.

DUNN, J.   This case presents error from the district court of Hughes county, in which on March 1, 1909, the defendant in error as plaintiff filed its petition in which it prayed for judgment against the defendant, plaintiff in error here, for the sum of $1,568.21 for and on account of certain goods, wares, and merchandise sold and delivered to him at his instance and request. To this petition defendant filed answer in which he admitted having purchased the goods from the plaintiff, but set up that the same was machinery for a gin, and was purchased on a contract containing a warranty. A copy of the contract was attached to the answer and introduced in evidence. The warranty contained therein read as follows:

"The Phelps Improved Cleaner Gins are sold subject to the following warranty: That with proper management they are capable of doing good work, and in ginning rough and dirty cotton will make a cleaner sample than any other gin now on the market running under the same conditions. Materials used in their construction are guaranteed to be of the best stock obtainable and the workmanship A No. 1."

Of this the defendant pleaded:

"That the machinery was not as represented in said contract; that it would not perform the work for which it was intended; that it was not as represented; that this defendant requested the said plaintiff to make the said machinery good, but that plaintiff refused or neglected to do so; that this defendant when he was unable to make the said machinery perform its work properly and plaintiff failed to make said machinery good, and, after attempting to do so, failed to make the said machinery work properly, tendered the said machinery back to the said plaintiff, but plaintiff refused to accept the same, and that said plaintiff refused, and still refuses, to carry out its contract with this said defendant."

The reply was a general denial, on which issues the cause was presented to a jury, which returned a verdict in favor of plaintiff and against the defendant for the amount sued for with interest. Motion for new trial was filed and denied, and the cause has been regularly lodged in this court for review.

Counsel for defendant make a great many assignments of error, many of which in our judgment are without substantial merit and which on a new trial, which we find must be granted, would not likely occur again. Hence we do not notice them.

On the examination of witness Hutchinson, who it appears was the salesman who had sold this machinery to the defendant, and whose testimony was of undoubted consequence and weight because of his familiarity with the same, he was asked and permitted to answer in the affirmative, over the objection and exception of counsel for defendant, this question:

"I will ask you to state whether or not the machinery that you sold Mr. Bilby was exactly as represented in the contract which he signed?"

It is to be noticed that this was the specific, identical question which was presented to the court by the pleadings for the determination of the jury. It does not call for any fact, but calls for a conclusion made up of a large number of facts, and it is not couched in language which will permit the witness to give his testimony, but presents in the language of the attorney the ultimate fact at issue, and requires a simple assent. Thereafter, he was asked this question:

"Mr. Hutchinson, now, I will ask you that with proper management now this warranty that Mr. Bilby signed at the time you sold him this machinery that with proper management they are capable of doing good work, and in ginning rough and dirty cotton will make a cleaner sample than any other gin now on the market, running under the same conditions, will they do that?"

To this question there was the objection that it was leading, and called for a conclusion of the witness. The same was overruled, and the witness again answered, "Yes." The witness was thereafter asked, referring to the warranty:

"It says that the materials used in their construction are guaranteed to be of the best stock obtainable and the workmanship A. No. 1, is that true?"

The objection made thereto was that it was leading and called for a conclusion. This likewise was by the court overruled, and the witness answered, "It is." The ruling on all of these questions was excepted to, and in this court is assigned as error. The purpose of interrogating witnesses concerning issues in a case is to give information to the jury, to the end that a conclusion may be reached in accordance with the facts. Witnesses and evidence are offered for the purpose of establishing facts, and it is for the jury, and not the witnesses or the counsel who interrogate them, to draw conclusions. Encompassed within the questions and answers asked and secured from this witness was the ultimate fact to be found by the jury of whether the machinery was exactly as represented in the contract, and whether with proper management it was capable of doing good work and making a cleaner sample than any other gin on the market, and whether it was constructed of the best stock obtainable and the workmanship thereon A. No. 1. If the jury accepted the testimony of this witness, and it had an absolute right to do so, notwithstanding any evidence which may have conflicted with it, there was no room for controversy as to who should recover in the case, for, by securing from the witness his assent to these bald, bare conclusions which covered the entire issue in the case, there was left no room for deliberation and consideration of the evidence of defendant wherein he sought to show that the machinery had failed to meet the demands of the warranty. To two of these

questions complained of counsel for plaintiff offer no argument of extenuation in their brief, and in our judgment they are plainly erroneous, and prejudicially so.

In the case of *Combs v. Agricultural Ditch Co.,* 17 Colo. 146, 28 Pac. 966, 31 Am. St. Rep. 275, the question at issue was whether there had been for two years last past sufficient water in the ditch to irrigate lands which had been previously irrigated by the ditch. A witness was asked this question:

"From your experience as a farmer, and in irrigation in connection with it, is there water enough in that ditch now, or has there been for the last two years, to irrigate the lands which have heretofore been irrigated by that ditch?"

Discussing the objection which was made to this question, the court says:

"This question was objected to, first, on the ground that it did not appear that the witness had knowledge; and second, because the matter embraced in the question was the question then at issue and on trial. The objection was overruled. The ruling was excepted to, and is assigned for error. Without noticing the first ground of objection, it is clear that the objection was well taken upon the second ground, and should have been sustained. The question was not merely introductory. It embraced the very substance of the issue which the court was then trying; and a categorical answer, such as the question called for, would, if accepted by the court, have been a complete determination of the issue. It is an elementary rule that such questions are inadmissible. We are aware that direct questions are not always to be regarded as objectionable; there are exceptions to the rule; but certainly the foregoing is not one of them. The answer in this case, though not very direct, was of such a sweeping, general, and argumentative character that it is impossible to say that its effect upon the mind of the court was harmless. Counsel should not have taken the risk of such a question. The objection having been interposed in apt time and terms should have been heeded, and the question withdrawn or modified. 2 Best on Evidence, sec. 641; 1 Wharton on Evidence, sec. 499, and notes; 2 Phillips on Evidence, sec. 889, and notes."

Other authorities supporting the same general rule as announced therein may be noted as follows: 8 Ency. Plead. & Prac. 78, 79, and cases under note 1; *Hall v. Goodson,* 32 Ala. 277; *Walker v. Walker's Executor,* 34 Ala. 469; *Conner v. Stanley,*

*Adm'r,* 67 Cal. 315, 7 Pac. 723; *Crawford v. Birkins,* 16 Colo. App. 532, 66 Pac. 687; *Old et al. v. Keener et al.,* 22 Colo. 6, 43 Pac. 127; *Denver & Rio Grande R. Co. v. Vitello,* 34 Colo. 50, 81 Pac. 766; *St. Louis, J. & C. R. Co. v. Trustees, etc.,* 43 Ill. 303; *Campbell v. Russell,* 139 Mass. 278, 1 N. E. 345; *Wiggins v. St. Louis, M. & S. Ry. Co.,* 119 Mo. App. 492, 95 S. W. 311; *National Bank of Chelsea v. Isham,* 48 Vt. 590.

In addition to the assignments of error made to these questions, counsel for defendant assign as error the ruling out of considerable evidence tendered by him in support of his answer, all of which he claims tended to show that the gin machinery failed in meeting the warranty. Much of this evidence tendered by defendant was sought to be introduced on questions similar in character to those which we have just held were incompetent. They call for conclusions of the witnesses as to whether the gin machinery met the demands of the contract. The court very properly refused to admit such evidence, but there were questions which called for specific details of fact going to show that the work done by this gin was not as good as the work generally done, and not up to the standard of what it should have performed. All of such testimony should have been admitted. If the farmers raising cotton in that vicinity refused to patronize the gin, and if this was because of the inferior character of work done by it, their testimony was competent to show this fact. If the grade of cotton which this gin turned out was inferior, due to the character of work which it did in ginning it, and by reason of this inferiority the owners thereof were unable to secure as good a price therefor as they could get at the same time for the same cotton, ginned by other gins, this likewise is a competent fact to go to the jury to show that the warranty failed. If the gin left undue quantities of lint upon the cotton seed, thereby losing not only the lint cotton, but reducing the value of the seed for planting purposes, and this was due to the inferiority of the machinery and tending to establish a breach of the warranty, then this was a competent fact to go to the jury on the question at issue, but all of this testimony is predicated upon the proposition that the defendant, who was charged with the operation of

this gin, conducted the same properly with skilled workmen so as to give it a fair opportunity to do the work for which it was intended. But all of this evidence should be drawn from the witnesses, not as it was attempted in some cases by asking for conclusions, but by showing the facts going to make up the ultimate conclusion.

Counsel for defendant also inveigh against the instructions which were given by the court to the jury, and in view of a new trial, notwithstanding the fact that the case is reversed upon another point, we have examined the instructions carefully, and in our judgment they correctly state the law on the issues as framed. Exception is taken because under them the burden was placed upon the defendant to establish the failure of the warranty; it being contended that, plaintiff having sold the machinery under a warranty, the burden was upon it to show compliance therewith. This would be the case if plaintiff had brought its action upon the contract, and pleaded the warranty and the fulfillment thereof. But the plaintiff pleaded merely upon the demand which it held against the defendant for and on account of the sale. The defendant did not deny the sale, but admitted it, and himself pleaded the warranty, and that the machinery was not up to the standard fixed thereby. Under these circumstances, the authorities without dissent place the burden upon the party pleading it. The question of where the burden of proof lies in any cause is answered when the party to whom the judgment would go if no evidence was offered is determined. In the case at bar plaintiff's plea was a demand for judgment for the price of certain machinery sold. The defendant answered admitting the purchase of the said machinery, but the same was purchased under a contract which contained a warranty. Without further averments, judgment would automatically go for plaintiff, but defendant then pleaded that the warranty was breached by the character of the machinery delivered, and the burden is necessarily upon him to show this fact. Authorities supporting this proposition may be noted as follows: *Acme Harvester Co. v. Erne,* 63 Kan. 858, 66 Pac. 1004; *Purity Ice Co. v. Hawley, etc., Furnace Co.,* 22 App. Cas. D. C. 573; *Stilwell, etc., Co. v. Biloxi Canning*

*Co.,* 78 Miss. 779, 29 South. 513; *Carter & Dorough v. Minton et al.,* 119 Ga. 474, 46 S. E. 658; *Keystone Mfg. Co. v. Forsyth,* 123 Mich. 626, 82 N. W. 521; *Erie City Iron Works v. Dempsey,* 77 Ill. App. 667; *Dean Co. v. Standifer,* 37 Tex. Civ. App. 181, 83 S. W. 230; *Schumann v. Wager,* 36 Ore. 65, 58 Pac. 770.

The rule stated in the case of *Dean Co. v. Standifer, supra,* is that, "where the only defense to a suit for the purchase price of an article is the breach of an express warranty, the burden of so proving such warranty and breach is on the defendant and the court should so charge." The instructions in the case at bar do no more than place this burden upon the defendant, and properly so.

For the reasons set forth in the foregoing opinion, the judgment of the trial court is reversed, and the cause is remanded, with instructions to set the same aside and grant defendant a new trial.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; HAYES, J., not sitting.