## FEDERAL OIL & GAS CO. v. CAMPBELL.

No. 7797—Opinion Filed Jan. 9, 1917.

(Dismissed on Motion Jan. 30, 1917.

(183 Pac. 894.)

**1. Evidence—Proof of Negligence—Fact or Conclusion.**

In the trial of an action for damages by a servant against the master for a failure to furnish a reasonably safe place, reasonably safe appliances in which and with which to work, and for failure to employ reasonably competent employes, it is competent for the servant to show every fact essential to support his allegations of negligence, but the same must be shown by facts, and not by the statement of mere conclusion.

**2. Same—Question of Science or Skill.**

As a general rule, a witness should not be allowed to give an opinion as to the existence of an ultimate fact, but this rule is subject to the exception that when the matter involves a question of science or peculiar skill to such

a degree that when the facts in the case are presented in evidence it is impossible for a person of ordinary understanding and experience to draw a proper conclusion therefrom, then it is permissible for one skilled in that science or art to state his opinion to be drawn from the facts proven.

### 3. Appeal and Error—Prejudicial Error—Opinion Evidence.

The evidence in this case examined, and held, that the facts and circumstances are not sufficient to justify the court to permit opinion evidence to be introduced, and witnesses should have stated the facts within their knowledge, and not their opinions.

(Syllabus by Hooker, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by D. C. Campbell against the Federal Oil & Gas Co. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Sherman, Veasey & O'Meara, for plaintiff in error.

A. O. Harrison, for defendant in error.

Opinion by HOOKER, C. The defendant in error instituted suit against the plaintiff in error in the lower court to recover judgment for personal injuries alleged to have been received by him while in the employ of the company, and it is claimed that the same were due to or caused by the negligence of the plaintiff in error, in that: First, it failed to furnish a reasonably safe place in which to work; second, that it failed to furnish reasonably safe instrumentalities; third, that it failed to furnish reasonably competent and trustworthy fellow servants. The answer of the company pleaded contributory negligence, assumption of risk, negligence of fellow servants, and general denial. Judgment was had in the lower court against the company, and it has appealed here, assigning as error three propositions: (1) The error of the court in refusing to sustain a demurrer to the evidence and refusing to instruct the jury to find for the defendant; (2) error of the court in giving instructions, and refusing to give instructions requested by the company; (3) error of the court in admitting incompetent, irrelevant, immaterial, and improper evidence, over the objection of the defendant company.

We have carefully considered the instructions of the court, and are of the opinion that the same fairly present the law of the case to the jury. While they are voluminous and too wordy, we are of the opinion that the rights of the parties were not prejudiced thereby.

It appears from an examination of the records that the court permitted witnesses for the defendant in error, over the objection of the plaintiff in error, to testify to opinions as to the ultimate facts in this case, which were the facts which the jury were required to find, to wit: (1) The safety of the place; (2) the safety of the instrumentalities with which to perform the work; (3) the competency of the fellow servant, Snell, to perform the work assigned to him. And it is contended by the plaintiff in error that on account of this the province of the jury was invaded, and that the same constitutes prejudicial error here. This question is by no means a new one in this jurisdiction.

This court in the early case of Bilby v. Thomas, 33 Okla. 256, 124 Pac. 1094, said:

"On the examination of witness Hutchinson, who it appears was the salesman who had sold this machinery to the defendant, and whose testimony was of undoubted consequence and weight because of his familiarity with the same, he was asked and permitted to answer in the affirmative, over the objection and exception of counsel for defendant, this question: 'I will ask you to state whether or not the machinery that you sold Mr. Bilby was exactly as represented in the contract which he signed.'

"It is to be noticed that this was the specific, identical question which was presented to the court by the pleadings for the determination of the jury. It does not call for any fact, but calls for a conclusion made up of a large number of facts, and it is not couched in language which will permit the witness to give his testimony, but presents in the language of the attorney the ultimate fact at issue, and requires a simple assent. Thereafter he was asked this question: 'Mr. Hutchinson, now I will ask you that, with proper management, now this warranty that Mr. Bilby signed at the time you sold him this machinery, that with proper management they are capable of doing good work, and in ginning rough and dirty cotton will make a cleaner sample than any other gin now on the market, running under the same conditions, will they do that?'

"To this question there was the objection that it was leading, and called for a conclusion of the witness. The same was overruled, and the witness again answered, 'Yes.' The witness was thereafter asked, referring to the warranty: 'It says that the materials used in their construction are guaranteed to be of the best stock obtainable and the workmanship A No. 1, is that true?'

"The objection made thereto was that it was leading and called for a conclusion. This likewise was by the court overruled, and the witness answered, 'It is.' The ruling on all of these questions was excepted to, and in this court is assigned as error. The purpose of interrogating witnesses concerning issues

in a case is to give information to the jury, to the end that a conclusion may be reached in accordance with the facts. Witnesses and evidence are offered for the purpose of establishing facts, and it is for the jury, and not the witnesses or the counsel who interrogate them, to draw conclusions. Encompassed within the question and answers asked and secured from this witness was the ultimate fact to be found by the jury of whether the machinery was exactly as represented in the contract, and whether with proper management it was capable of doing good work and making a cleaner sample than any other gin on the market, and whether it was constructed of the best stock obtainable and the workmanship thereon A No. 1. If the jury accepted the testimony of this witness—and it had an absolute right to do so, notwithstanding any evidence which may have conflicted with it—there was no room for controversy as to who should recover in the case, for by securing from the witness his assent to these bald, bare conclusions which covered the entire issue in the case, there was left no room for deliberation and consideration of the evidence of defendant wherein he sought to show that the machinery had failed to meet the demands of the warranty. To two of these questions complained of counsel for plaintiff offer no argument of extenuation in their brief, and in our judg ient they are plainly erroneous, and prejudicially so.

"In the case of Combs v. Agricultural Ditch Co., 17 Colo. 146, 28 Pac. 966, 31 Am. St. Rep. 275, the question at issue was whether there had been for two years last past sufficient water in the ditch to irrigate lands which had been previously irrigated by the ditch. A witness was asked this question: 'From your experience as a farmer, and in irrigation in connection with it, is there enough in that ditch now, or has there been for the last two years, to irrigate the lands which have heretofore been irrigated by that ditch?'

"Discussing the objection which was made to this question, the court says: 'This question was objected to: First, on the ground that it did not appear that the witness had knowledge; and, second, because the matter embraced in the question was the question then at issue and on trial. The objection was overruled. The ruling was excepted to, and is assigned for error. Without noticing the first ground of objection, it is clear that the objection was well taken upon the second ground, and should have been sustained. The question was not merely introductory. It embraced the very substance of the issue which the court was then trying; and a categorical answer, such as the question called for, would, if accepted by the court, have been a complete determination of the issue. It is an elementary rule that such questions are inadmissible. We are aware that direct questions are not always to be regarded as objectionable; there are exceptions to the rule, but certainly the foregoing is not one of

them. The answer in this case, though not very direct, was of such a sweeping, general, and argumentative character that it is impossible to say that its effect upon the mind of the court was harmless. Counsel should not have taken the risk of such a question. The objection, having been interposed in apt time and terms, should have been heeded, and the question withdrawn or modified. 2 Best on Evidence, § 641; 1 Wharton on Evidence, § 499, and notes; 2 Phillips on Evidence, § 889, and notes.'

"Other authorities supporting the same general rule as announced therein may be noted as follows: 8 Ency. Plead. & Prac. 78, 79, and cases under note 1; Hall v. Goodson, 32 Ala. 277; Walker v. Walker's Ex'r, 34 Ala. 469; Conner v. Stanley, Adm'r, 67 Cal. 315, 7 Pac. 723; Crawford v. Birkins, 16 Colo. App. 532, 66 Pac. 687; Old et al. v. Keener et al., 22 Colo. 6, 43 Pac. 127; Denver & Rio Grande R. Co. v. Vitello, 34 Colo. 50, 81 Pac. 766; St. Louis, J. & C. R. Co. v. Trustees, etc., 43 Ill. 303; Campbell v. Russell, 139 Mass. 278, 1 N. E. 345; Wiggins v. St. Louis, M. & S. Ry. Co., 119 Mo. App. 492, 95 S. W. 311; National Bank of Chelsea v. Isham, 48 Vt. 590."

Also in Hicks v. Davis, 32 Okla. 195, 120 Pac. 260, it is said:

"The first specification of error relied upon by the defendant is that the court erred in refusing to permit witnesses. Harris and Hicks, to testify, as experts, that the gangplank, or runway, from which plaintiff fell and received his injury, was constructed in the same manner as reasonably prudent men, engaged in similar work, erect and construct such runways and gangplanks. The testimony shows that this runway was a very simple affair and was constructed of timbers laid from the car to the ground. It was neither complicated nor technical, but was so constructed that its every detail could be explained and shown to the jury by witnesses who had knowledge of the facts, and after such statement by the witnesses it became and was then a question for the jury to determine whether or not there was negligence in its construction, and whether it met with the requirements of care and prudence demanded under the circumstances of the case. In our opinion this was not a case where expert testimony was proper or competent. In 17 Cyc. 41, the rule laid down is as follows: 'When material or relevant facts can be or have been introduced before the jury, and the latter are able to deduce a reasonable inference from them, no reason exists for receiving opinion evidence, and it is not admissible. The governing rule deduced from the cases permitting the opinion of witnesses is that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exists in reasons rather than descriptive facts, and therefore cannot be intelligently communicated

to others not familiar with the subject, so as to possess them with a full understanding of it. * * * The precise point of each individual inquiry must be beyond the intelligence of an average jury, and "so far partake of the nature of a science as to require a course of previous habit or study in order to an attainment of a knowledge of them." * * * If the jury, although presumably devoid at the beginning of a trial of experience concerning a subject-matter, can be so informed during its progress to reach an accurate conclusion, the · subject is not one of inference, conclusion, or judgment and the evidence may be excluded in the discretion of the court.'

"The court did right in refusing to permit these witnesses to be examined in the manner attempted by counsel for defendant. The subject-matter of the inquiry was not one of science or skill, or one which observation and experience had given the opportunity and means of knowledge, rather than descriptive facts; the result of such testimony would have been to permit the witnesses to usurp the functions of the jury, for there was nothing in or about the case which would prevent the jury from reaching a reasonable conclusion from a consideration of the plain and simple, material and relevant facts which had already been presented by the testimony of other witnesses.

"In Graham v. Pennsylvania Co. (Pa.) 12 L. R. A. 294, it is said: 'As a general rule a witness is not allowed to give an opinion. The only exception to that rule is that with reference to matters involving questions of science or peculiar skill to such a degree that when the facts in the case have been given in evidence it is impossible for a person of merely ordinary experience to draw the necessary inference from the facts to reach a conclusion in the case; persons having skill in that art or science may be called to see what would be the proper inference to be drawn from the facts proven.' See, also, Franklin F. Ins. Co. v. Gruber, 100 Pa. 273; Cunnell v. Phoenix Ins. Co., 59 Mo. 582; Gavis v. Pac. R. R. Co. 49 Mo. 274. In the case of Graham v. Pennsylvania Co., supra, it was also said: 'Opinions of witnesses, expert or other, are not admissible where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men without special knowledge or training.'

"The law does not look with favor upon the introduction of opinions in evidence. As a rule, witnesses are expected to testify to facts, and it is for the court or jury to draw conclusions and form opinions from the facts thus brought before them, and the general rule as to the admission of expert evidence is that persons having technical and peculiar knowledge on certain subjects are allowed to give their opinion when the question involved is such that the jurors are incompetent to draw such inference. See, also, 12 Am. & Eng. Ency, Law (2d Ed.) 422. This

testimony also called for the opinion of witnesses upon simple facts which were the principal questions at issue in the case, and which it was the sole province of the jury to consider and decide. This was not a case where the conclusion, or inference, was one requiring a peculiar quality of skill or judgment,· or where from the general and indefinite nature of the injury was not susceptible of direct and satisfactory proof. On the contrary, it was a matter of and concerning which any person of ordinary intelligence and observation could state all the pertinent facts, and where the jurors were amply able to from their conclusion without the aid of opinion or judgment from others. The question of the negligence of the defendant in the construction of this runway was essentially one for the jury, and therefore all the facts of the case should have been submitted to them, and the matter thus left for their determination without the interference of expert or opinion testimony."

See, also, C., R. I. & P. R. Co. v. Stibbs, 17 Okla. 97, 87 Pac. 293. In Ann. Cas. 1913C, 1077, it is said:

"The general rule is, as stated in the reported case, that where the ultimate facts for the jury is whether the conduct of a certain person was careless, reckless, or negligent it is not competent for a witness to express an opinion, conclusion, or judgment. * * *

"The reason of the rule is generally said to be that it is the province of the jury to determine the ultimate fact whether the conduct was careless, reckless, or negligent, and this right of the jury is not to be encroached on. The facts are to be stated by the witnesses and from such facts the jury will conclude or decide the ultimate fact. * * *

"The general rule of law is that witnesses must state facts within their knowledge, and not give their opinion or their inferences. To this rule there are some exceptions, among which is expert evidence. Witnesses who are skilled in any science, art, trade, or occupation may not only testify to facts, but are sometimes permitted to give their opinions as experts. This is permitted because such witnesses are supposed, from their experience and study, to have peculiar knowledge upon the subject of inquiry which jurors generally have not, and are thus supposed to be more capable of drawing conclusions from facts, and to base opinions upon them, than jurors generally are presumed to be. Opinions are also allowed in some cases where, from the nature of the matter under investigation, the facts cannot be adequately placed before the jury so as to impress their minds as they impress the minds of a competent, skilled observer. * * * But the opinions of experts cannot be received where the inquiry is into a subject the nature of which is not such as to require any peculiar habits or study· in order to qualify a man to understand it. It is not sufficient to warrant the introduction of· expert evidence that the witness may know

more of the subject of inquiry, and may better comprehend and appreciate it than the jury; but to warrant its introduction, the subject of the inquiry must be one relating to some trade, profession, science, or art in in which persons instructed therein, by study or experience, may be supposed to have more skill and knowledge than jurors of average intelligence may be presumed generally to have. The jurors may have less skill and experience than the witnesses, and yet have enough to draw their own conclusions and do justice between the parties. Where the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert or opinion evidence. To require the exclusion of such evidence ,it is not needed that the jurors should be able to see the facts as they appear to eyewitnesses or to be as capable to draw conclusions from them as some witnesses might be, but it is sufficient that the facts can be presented in such a manner that jurors of ordinary intelligence and experience in the affairs of life can appreciate them, can base intelligent judgments upon them, and comprehend them sufficiently for the ordinary administration of justice. The rules admitting the opinions of experts should not be unnecessarily extended. Experience has shown that it is much safer to confide the testimony of witnesses to facts in all cases where that is practicable and leave the jury to exercise their judgment and experience upon the facts proved. Where witnesses testify to facts they may be specifically contradicted, and if they testify falsely they are liable to punishment for perjury. But they may give false opinions without the fear of punishment. It is generally safer to take the judgments of unskilled jurors than the opinions of hired and generally biased experts."

See authorities cited in Ann. Cas. 1913C, 1079, 1080, etc.

See authorities cited in Ann. Cas. 1913C, 86 Kan. 112, 119 Pac. 356, 51 L. R. A. (N. S.) 565, and authorities there cited.

In Keefe v. Armour Co., the Supreme Court of Illinois, in Ann. Cas. 1914B, 188 (258 Ill. 28, 101 N. E. 252) said:

"While a jury is entitled to the aid of experts in determining the existence or nonexistence of facts not within the common knowledge, an expert witness must not take the place of the jury and declare his belief as to an ultimate fact, as the right of trial by jury entitles every party to the judgment of the jury as to the ultimate fact upon which liability rests."

"In an action for injuries caused by the explosion of a tank car which was being tested by air pressure for leaks, it is improper to allow an expert to testify that such method

was not reasonably safe, for that is the ultimate question of fact for the jury."

Mr. Thompson on Negligence, § 7747, laid down the rule as follows:

"It may be stated as a general rule that, if the facts of any particular inquiry can be so placed before the jury that, as men of ordinary intelligence, they can fully understand the matter and draw the proper inferences and conclusions therefrom, the opinions and conclusions of a witness, whether an expert or a nonexpert, should not be allowed to state his opinion as to whether an act was carefully or negligently done, nor whether the injured party was acting within the right of his duty at the time of receiving an injury, nor as to the safety of a particular appliance or place of work. * * *"

Also in section 7749 the same author says:

"Where a particular matter involved in the trial of a case, and necessary for the jury to understand to reach a conclusion, partakes of the nature of an art, science, or trade, knowledge of which can be acquired only by previous experience or study, and which does not lie within the range of knowledge of men of ordinary understanding, the law necessarily recognizes an exception to the rule against opinion evidence. * * *"

On account of the evidence in this case and the doubtful liability of the plaintiff in error, we must hold that the opinion evidence which the court permitted the defendant in error to introduce in this case was prejudicial to the rights of the plaintiff in error, and the judgment of the lower court must therefore be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.