# Franklin Fire Insurance Co. *versus* Gruver.

1. A. effected a policy of insurance on certain buildings which contained, inter alia, the following condition: "If the risk shall be increased from any cause whatever within the knowledge of the assured, during the continuance of the insurance, notice thereof shall be given to the company, and consent to such increased hazard be indorsed hereon, or this policy shall be of no force." A loss having taken place and suit being brought thereon, the company defended on the ground that the risk had been increased by the erection of certain frame dwellings on either side of the insured premises, on land belonging to plaintiff, with his knowledge and permission, and without notice to, or consent of, the defendant. The plaintiff, in order to rebut the evidence that he had permitted said buildings to be erected, offered in evidence a lease of the ground whereon they were built which antedated the policy. *Held*, that it was not error to admit said lease in evidence, as it had some bearing in the way of showing that the risk on plaintiff's property was not rendered more hazardous by any act of his own.

2. The question whether the risk on the insured premises in the above case, was increased by reason of the the proximity of the new buildings, was submitted to the jury, they being at the same time instructed that if the danger was thus increased, in default of notice thereof to the company, plaintiff was not entitled to recover. *Held*, that the company defendant had no right to complain of this instruction.

3. The company defendant had no right to object to the use of the

[Franklin Fire Ins. Co. *v.* Gruver.]

phrase " material risk " by the court, in charging the jury as above, such qualification of the word " risk " being contained in certain of their own points.

4. Expert evidence is not admissible to show that actual danger from fire to certain premises has been increased by the erection of adjacent buildings; no person can be deemed an expert as to a matter of common experience and observation.

5. Whether expert evidence is admissible to prove that in the business of insurance, the technical risk or rate of insurance is increased by reason of the additional exposure to which property is subjected by the erections in the vicinity, not decided.

6. Where expert evidence, as above, was admitted, but there was no evidence to show knowledge on the part of the insured of the increased risk: *Held*, that the expert evidence, under the terms of the policy in suit, came to nothing.

7. The court in the above case charged that the plaintiff was bound to take notice of, and report to the company, any increase of actual risk or hazard to which his property was exposed subsequently to the date of his policy. *Held*, that it was questionable whether the court did not thus impose upon the plaintiff a burden to which he ought not to have been subjected, but that at any rate defendant could not complain of the instruction.

8. The admission of wholly irrelevant evidence is cured by an express direction by the court to disregard it.

April 10th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDNN, PAXSON, TRUNKEY, and GREEN, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1881, No. 165.

Debt, upon a policy of fire insurance, by John A. Gruver against the Franklin Fire Insurance Company.   The defendant filed several pleas, but the only issue on which the case was tried was upon a special plea, averring that the plaintiff had violated the following condition, contained in the policy :—

1. . . ,   "If the risk shall be increased from any cause whatever, within the knowledge of the assured, during the continuance of the insurance, notice thereof shall be given to the company, and consent to such increased hazard be indorsed hereon, or this policy shall be of no force. "

On the trial, before WOODWARD, J., the facts appeared to be as follows :—

On December 18th 1875, the plaintiff procured from the defendant company the policy in suit, for $2,700, upon two two-story frame dwellings, in the borough of Nanticoke, fronting upon Broadway, about twelve or fourteen feet apart, marked 8 and 9 in the accompanying plan.   At the time the insurance was effected all the buildings shown on the plan were in existence,

except the two numbered 13 and 14. The premium charged was $20.25, being three-fourths of one per cent., the customary rate for buildings situated as these were.

The insured premises were destroyed by fire, July 27th 1876.

The defendant proved that in March 1876, the buildings marked 13 and 14 were erected in close proximity to the insured buildings, with the knowledge and permission of the plaintiff, and upon his land, without notice to or consent of the company defendant; and that the same were occupied, respectively, as a hotel and a saloon. The plaintiff offered, in rebuttal, a lease from himself to one Mench, of the ground on which said buildings were erected, dated August 23d 1875, for five years; for the purpose of showing that the lease antedated the

policy in suit, and to rebut the defendant's evidence that the plaintiff had given permission, after the insurance was effected, to erect said buildings 13 and 14.   Objected to as irrelevant; objection overruled ; exception.   (First assignment of error.)

The defendant's counsel offered to ask R. W. Luce, who had testified that he had been in the insurance business about ten years :—" Q.   You observe that this policy is written on two frame dwelling-houses.   Suppose that at the time that insurance was effected, there was no frame building within a hundred feet of these buildings insured in this policy, would the risk be increased by the erection of a frame building on one side, within three feet, and by a brick building within two feet, on the other side ?"

The above question to be followed by the question, whether or not after the erection of such buildings, the rate of premium usually charged by insurance companies, would be increased on the buildings insured ?   The purpose being to show by the insurance expert on the stand, that the erection of these frame buildings increased the risk, and that a larger rate of premium would be charged by an insurance company for insuring the buildings as they were at the time of the fire.

Objected to, on the ground that expert testimony as to questions of increased risk, is not evidence in a case of this kind.

BY THE COURT.—" The testimony of the witness as an expert, to show that the erection of additional buildings increased the risk, is excluded, and to that extent the objection is sustained. The evidence showing the custom of insurance companies, in charging increased rates, because of the nearness of other buildings, is admitted."

To the first branch of this ruling, counsel for defendant except.

Defendant's counsel proposed to ask R. H. McKune, who was shown to have been an insurance agent and a fireman for many years, " whether or not a wooden building is more likely to burn, having no other building within sixty-five feet of it, than if there was a building within three feet of it."

Objected to ; objection sustained ; exception.

It appeared in evidence that the fire originated in building No. 1, and spread to Nos. 4, 7 and 17; and thence to Nos. 8 and 9 (the buildings insured), and from there to Nos. 13 and 14, the buildings which the defendants alleged increased the risk, and which were the last to take fire.

The plaintiff presented, inter alia, the following point :—

3. The defendants cannot avoid their liability under the policy, unless they satisfy the jury that there was a material increase of the risk, discoverable on the part of the plaintiff, by the exercise of ordinary intelligence and prudence.   Affirmed.

[Franklin Fire Ins. Co. *v.* Gruver.]

The defendant presented, inter alia, the following points :—

1. Under the uncontradicted evidence on the part of the defendant, the risk to the plaintiff's buildings was materially increased by the erection of other adjacent buildings, and if the evidence is believed by the jury, they are bound to find that the risk was thus increased.

Answer. We say to you, that whether the risk was increased or not, is the question in this case. If you believe the testimony of the witnesses called by the defendants, that the rate of insurance would have been heavier in view of the additional buildings, you have a right to be influenced in your judgment on this question by their testimony. As we said before, that testimony is not conclusive upon you. You may find the matter of fact from any light that you have in the case. We cannot affirm this point, as stated.

2. There being an express stipulation in the policy against an increase of risk, the erection of other buildings near the property insured, increasing the risk, avoided the policy, whether the loss was occasioned by such new buildings or not.

Answer. This point is defective, because it assumes the fact in dispute, to wit, that the erection of other buildings did increase the risk. The question of fact being for you, we cannot assume it, and therefore cannot affirm the point as stated.

The court charged the jury, inter alia, as follows :—

"[The main question, then, in this case, is one of fact, and is for the jury exclusively. Was the risk materially increased by the erection of these new buildings? And was it such an increase of risk that the insured was bound to take notice of it himself, and notify the company, and procure the required endorsement? In this respect, the case is somewhat peculiar. In most of the cases in the books where an increase of risk is a ground of a defense to the payment of a policy, the increase has been effected under the direction and control exclusively of the insured, and has generally been in connection with the very premises insured. Here, however, you observe that the alleged increase of risk and the defense relied upon grows out of the erection of the buildings by other parties than the insured, upon the premises of the latter; the new structures, however, not being owned by him.] Therefore, the question is a duplex one. Was the risk increased, as matter of fact, by these new buildings? And was it such an increase that the injured party was bound to take notice of it, and give notice of it to the company and have it indorsed on the policy? This question of increase of risk or hazard does not seem to the court to be one for experts. Therefore, the evidence of experts was excluded.

[Franklin Fire Ins. Co. v. Gruver.]

It is not, in our opinion, one of those nice scientific or technical inquiries which involves the special knowledge of witnesses engaged in a peculiar profession or calling.  The increase of risk must be so clear, manifest and palpable that an ordinary man would take notice of it, and be impressed by it.  You will observe that the policy does not provide that notice shall be given of new buildings erected within any given distance of the insured property.  It does require, however, that notice shall be given to the company of any increase of risk or hazard.  Therefore, as I said before, the question of fact and the question for you to pass upon, which is decisive of the case in this :

" Was this risk increased ?  Was it palpably, clearly and certainly increased ?  Was it so increased that an ordinarily prudent man would be bound to know it, and thus be bound to bring notice of it home to the company ?

" There has been considerable testimony here in regard to the effect of knowledge on the part of Mr. Derr before the fire, of the fact that the new buildings were erected, and therefore of the increase of risk.  We say that that is to have no influence on your judgment or your verdict.  No · matter whether Mr. Derr was one kind of an agent or another; no matter whether as matter of fact he had personal knowledge of the erection of the new buildings, such knowledge would not bind the company; would not relieve the plaintiff from the obligation to keep the condition expressed in the policy, namely, to give notice to· the company and have it indorsed on the policy.  In arriving at your verdict, therefore, you will throw entirely out of consideration any question or opinion depending on the knowledge, or want of knowledge, of Mr. Derr, as the agent of the company, of the fact of increase of risk."

Verdict and judgment for the plaintiff, for $3,369.58.  The defendant thereupon took this writ of error, assigning as error, inter alia, the admission in evidence of the above mentioned lease ; the exclusion of the defendant's offers of expert testimony; the answers to plaintiff's and defendant's points given above ; and the portion of the charge quoted within brackets.

*Palmer* (with him *Dewitt, Fuller* and *Derr*), for the plaintiff in error.—The court erred in not confining the evidence and the charge to the only material question in the case, to wit: the effect on the risk of the erection of the adjacent buildings, with the knowledge of the assured and without notice to the company.  The court admitted evidence of, and commented upon several immaterial considerations, viz., that the new buildings were not erected by the insured ; that the new buildings did not occasion the loss ; and that an agent of the company

knew of their erection. The testimony of experts as to the increase of risk should have been admitted: Mitchell *v.* Ins. Co., 32 Iowa 421; Lapham *v.* Ins. Co., 24 Pick. 1; Kern *v.* Ins. Co., 40 Mo. 19; Schenck *v.* Mercer Co. Ins. Co., 4 Zab. 447. The court did admit the testimony of insurance men that a higher rate of premium would be charged because of the erection of new buildings; and there is no difference in principle between that evidence and the offered evidence, which was excluded.

The essential fact of increased risk was clearly proved by uncontradicted testimony, and it was therefore the duty of the court, to give binding instructions in the defendant's favor, as requested in our points: Hoag *v.* R. R. Co., 4 W. N. C. 561; Raby *v.* Cell, Id. 564; Panli *v.* Commonwealth, 7 Id. 399; Pa. R. R. Co. *v.* Weis, 6 Id. 258; Lycoming Fire Ins. Co. *v.* Schwenk, 10 Ins. Law Jour. 13; Ins. Co. *v.* Kunkle, 6 W. N. C. 234.

*Alexander Farnham* (*Hakes* and *L. H. Bennett* with him), for defendants in error.—That testimony of experts on ordinary matters upon which every one is equally capable of forming an opinion is inadmissible is well settled, and this principle has repeatedly been applied in insurance cases where the defence was increase of risk: 1 Whart. Ev. § 436; Mulry *v.* Ins. Co., 5 Gray 541; Lyman *v.* Ins. Co., 14 Allen 329; Jefferson Ins. Co. *v.* Cotheal, 7 Wend. 72; Luce *v.* Ins. Co., 105 Mass. 298; Wood on Ins. 854–860. The question whether the risk was materially increased by the erection of the new buildings, was properly submitted to the jury as one of fact: Wood on Ins. 438–443; Girard Ins. Co. *v.* Stephenson, 37 Pa. St. 293; Ins. Co. *v.* Arthur, 30 Id. 315; Curry *v.* Ins. Co., 10 Pick. 535; Gamwell *v.* Ins. Co., 12 Cush. 167; Rice *v.* Tower, 1 Gray 426; Williams *v.* Ins. Co., 57 N. Y. 274.

Mr. Justice Gordon delivered the opinion of the court May 1st 1882.

We cannot sustain the complaint made against the admission of the Mench lease. Mench had erected, on ground leased from the plaintiff, one of the houses which was said to have increased the risk to the insured premises, and it was altogether proper to show that that lease antedated the policy, for this tended to prove that Gruver in no way, even by implication, assented to the objectionable erections.

It is true, as the case now presents itself to us, this evidence was of very little moment, but as it was tried in the court below, we think, with the learned judge, it had some bearing in the way of showing that the plaintiff's property was not rendered more hazardous by any act of his own.

The determination of the greater danger from fire to the

assured premises, in consequence of the proximity of the new buildings, was properly referred to the jury, they being at the same time instructed that if the danger was thus increased, in default of notice thereof to the company according to the condition in the policy, the plaintiff ought not to recover. Of this submission and instruction the defendant has no right to complain, for it thus had, at the hands of the court, all it was entitled to . . . At best the question of additional hazard was one of fact purely, and of right could not be withdrawn from the jury.

Williams *v.* The Insurance Co., 57 N. Y. 274, was a case upon a policy containing a condition somewhat similar to that under consideration, and the inquiry was whether the keeping of a small quantity of crude petroleum, in the insured premises, so increased the risk as to require notice to the company in order to prevent forfeiture:—Held, whether the amount of petroleum so kept was large or small, the question of the increase of risk resulting therefrom, was for the jury, and could not properly be determined by the court. So here; whether the new buildings were near to or far from the assured property, the question, nevertheless, whether an additional hazard was thereby created, was one exclusively for the jury.

We may here, in this connection, add, that error is unjustly charged upon the court on account of its addition of the adjective " material " to the word " risk "; this qualification not being found in the condition. But as in the defendant's third and sixth points the word " risk " was so qualified, fault should not be found with the court for doing what it was requested to do.

The complaint made of the refusal of the court to admit expert evidence as to the fact that the actual danger from fire to the plaintiff's house, was rendered greater by the adjacent buildings, cannot be sustained.

How any person can be said to be an expert in that which is not and cannot be followed as a business, or in that which must necessarily result from observation of a character so general that it must be common to every person, we cannot understand. The opinion of a witness who neither knows, nor can know, more about the subject matter than the jury, and who must draw his deductions from facts already in the possession of the jury, is not admissible: Hartman *v.* Insurance Company, 9 Har. 466. Were it otherwise, the opinions of jurors upon the most obvious facts, might be always shaped for them by the testimony of so called experts, and thus would a case be constantly liable to be determined, not by the opinions and judgment of the jury, but by the opinions and judgment of witnesses. But following the doctrine of the case last above cited, the court did admit the

testimony of experts to prove that, in the business of insurance, the technical risk, or rate of insurance, was increased by the fact of the additional exposure to which the plaintiff's property was subjected by the erections in its vicinity. We are not sure that this was not more than the defendant had a right to require of the court. " Or if," reads the condition, " the risk shall be increased from any cause whatever, within the knowledge of the assured." It will be observed that the knowledge of the plaintiff was thus made a material factor in this condition; therefore, proof by experts that, from a technical point of view, the risk was increased, came to nothing unless accompanied by proof that the assured knew that the erections complained of created a hazard for which, by the rules of insurance, an additional rate would be charged. But of this he knew nothing. He did not even know the class in which he was insured, or whether his buildings were regarded as exposed or unexposed. It does not so much as appear that he signed an application, or any other paper, in which was set forth the character and exposure of the buildings. For aught he knew, his property was rated and charged as exposed, and had such been the case the company could not have set up the subsequent exposure as a defence. It does, therefore, seem to me, that without some proof by the company, that the plaintiff had some notice or knowledge of the rules of insurance, its expert evidence came to nothing.

We think, then, that when the court instructed the jury, that the plaintiff was bound to take notice of, and report to the company, any increase of actual risk or hazard to which his property was exposed subsequently to the date of his policy, it discharged its duty to the defendant fully, and it is even questionable whether the court did not thus impose upon the plaintiff a burden to which he ought not to have been subjected.

There is nothing in the seventh exception. It is true, the knowledge of Derr, the agent of the defendant, as to the erection of the new buildings, was wholly irrelevant, and proof thereof ought not to have been received, but the court not only withdrew this evidence, but expressly instructed the jury that Derr's knowledge could not affect the company nor release the plaintiff from his duty to notify the company if there was in fact an actual increase of risk. Thus was the error effectually cured by an instruction which put the objectionable evidence wholly out of the case.

The judgment is affirmed.