## HICKS v. DAVIS.

No. 1607.  Opinion Filed February 6, 1912.

(120 Pac. 260.)

1. **EVIDENCE—Expert Testimony—Necessity for Special Knowledge.** It is not error for a trial court to refuse admission of expert, or opinion, evidence, in a case where the facts and circumstances can be fully and adequately described to the jury, and are such that their bearing on the issues can be estimated by all men without special knowledge, experience, or training.

2. **NEGLIGENCE—Actions—Admissibility of Evidence.** It is not error to refuse to permit a witness to testify as to the conditions at the scene of an accident several hours after the accident occurred, where the alleged defect in the instrumentality complained of was of such nature that its correction could have been effected in a few minutes, and when no attempt is made to show that no changes had been made in the instrumentality complained of since the accident occurred.

3. **TRIAL—Instructions—Requests—Instructions Already Given.** It is not error to refuse requested instructions that correctly state the law, where the same, or their equivalent, have been embodied in others given by the court.

(Syllabus by Robertson, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by J. Frank Davis against George F. Hicks. Judgment for plaintiff, and defendant brings error. Affirmed.

*Ralph P. Welch* and *J. R. Witty,* for plaintiff in error.

*Warren & Miller* and *W. T. Anglin,* for defendant in error.

Opinion by ROBERTSON, C.  For convenience Davis will be hereinafter designated as plaintiff, and Hicks as defendant. Plaintiff brought suit in the district court of Hughes county against the defendant for damages for personal injuries, alleged to have occurred on May 26th, 1909. In his petition he alleges in substance that he was employed by defendant to assist in unloading heavy timbers from a car on a side track at Calvin,

Okla.; that, in order to unload said timbers, the defendant constructed a temporary bridge, or runway, from the car to the ground; that while acting in the course of his employment in carrying said timbers from the car to the ground, across the said runway, one of the timbers of said runway careened, or turned, and plaintiff was thrown to the ground, thereby sustaining the injury complained of; that said injury was caused by the negligence of the defendant in the construction of the said runway. Plaintiff prayed judgment in the sum of $1,350. Defendant answered by general denial, also alleging that the injury sustained by plaintiff was the result of his own carelessness and negligence. The cause was tried to a jury and resulted in a verdict in favor of plaintiff in the sum of $500. Motion for new trial was overruled, and. exceptions taken, and defendant brings this appeal to reverse said judgment.

The first specification of error relied upon by the defendant is that the court erred in refusing to permit witnesses, Harris and Hicks, to testify, as experts, that the gangplank, or runway, from which plaintiff fell and received his injury, was constructed in the same manner as reasonably prudent men, engaged in similar work, erect and construct such runways and gangplanks. The testimony shows that this runway was a very simple affair and was constructed of timbers laid from the car to the ground. It was neither complicated nor technical, but was so constructed that its every detail could be explained and shown to the jury by witnesses who had knowledge of the facts, and after such statement by the witnesses it became and was then a question for the jury to determine whether or not there was negligence in its construction, and whether it met with the requirements of care and prudence demanded under the circumstances of the case. In our opinion this was not a case where expert testimony was proper or competent. In 17 Cyc., page 41, the rule laid down is as follows:

"When material or relevant facts can be or have been introduced before the jury and the latter are able to deduce a reasonable inference from them, no reason exists for receiving opinion evidence, and it is not admissible. The governing rule deduced

from the cases permitting the opinion of witnesses, is that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exists in reasons, rather than descriptive facts, and therefore cannot be intelligently communicated to others not familiar with the subject, so as to possess them with a full understanding of it.   *   *   *   The precise point of each individual inquiry must be beyond the intelligence of an average jury, and 'so far partake of the nature of a science as to require a course of previous habit or study in order to an attainment of a knowledge of them.'   *   *   *   If the jury, although presumably devoid at the beginning of a trial of experience concerning a subject-matter, can be so informed during its progress to reach an accurate conclusion, the subject is not one for inference, conclusion, or judgment, and the evidence may be excluded in the discretion of the court."

The court did right in refusing to permit these witnesses to be examined in the manner attempted by counsel for defendant. The subject-matter of the inquiry was not one of science or skill, or one which observation and experience had given the opportunity and means of knowledge, rather than descriptive facts; the result of such testimony would have been to permit the witnesses to usurp the functions of the jury, for there was nothing in or about the case which would prevent the jury from reaching a reasonable conclusion, from a consideration of the plain and simple material and relevant facts which had already been presented by the testimony of other witnesses.

In *Graham v. Pennsylvania Co.* (Pa.), 12 L. R. A. 294, it is said:

"As a general rule a witness is not allowed to give an opinion. The only exception to that rule is that with reference to matters involving questions of science or peculiar skill to such a degree that when the facts in the case have been given in evidence it is impossible for a person of merely ordinary experience to draw the necessary inference from the facts to reach a conclusion in the case; persons having skill in that art or science may be called to see what would be the proper inference to be drawn from the facts proven."

See, also, *Franklin F. Ins. Co. v. Gruver,* 100 Pa. 273; *Cunnell v. Phoenix Ins. Co.,* 59 Me. 582; *Gavis v. Pac. R. R.*

*Co.,* 49 Mo. 274. In the case of *Graham v. Pennsylvania Co., supra,* it was also said:

"Opinions of witnesses, expert or other, are not admissible where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issues can be estimated by all men without special knowledge or training."

The law does not look with favor upon the introduction of opinions in evidence. As a rule witnesses are expected to testify to facts, and it is for the court or jury to draw conclusions and form opinions from the facts thus brought before them, and the general rule as to the admission of expert evidence is that persons having technical and peculiar knowledge on certain subjects are allowed to give their opinion when the question involved is such that the jurors are incompetent to draw such inference. See, also, 12 Am. & Eng. Ency. Law (2d Ed.) 422. This testimony also called for the opinion of witnesses upon simple facts which were the principal questions at issue in the case, and which it was the sole province of the jury to consider and decide. This was not a case where the conclusion, or inference, was one requiring a peculiar quality of skill or judgment, or where from the general and indefinite nature of the injury, was not susceptible of direct and satisfactory proof. On the contrary, it was a matter of and concerning which any person of ordinary intelligence and observation could state all the pertinent facts, and where the jurors were amply able to form their conclusion without the aid of opinion or judgment from others. The question of the negligence of the defendant in the construction of this runway was essentially one for the jury, and therefore all the facts of the case should have been submitted to them, and the matter thus left for their determination without the interference of expert or opinion testimony.

It is also contended by defendant that the court erred in rejecting the testimony of defendant's witness Castleman, which was to the effect that he took plaintiff's place at the car after the accident and continued the work over the same runway, and that said runway rested at the end on the ground on a new rail-

road tie, and that there was no rotten stump or chunk under the same. The action of the court in refusing admission of this testimony was right. Castleman was not at the place of the accident when it occurred, and did not see the runway until the afternoon; the accident having occurred in the morning. No effort was made to show that conditions at the time of the accident were identical with those at the time he first examined the runway. In this case the only purpose of Castleman's testimony was to show that there was a new and solid railroad cross-tie under the end of the runway, resting upon the ground, instead of a rotten chunk of wood, as plaintiff's witnesses testified. Had the defect complained of been of such nature as to have rendered the correction thereof impossible within a short time after the accident occurred, it perhaps would have done no harm, and might possibly have been proper to have permitted the witness to testify. But it would have taken but a minute from the time of the accident to have removed the rotten chunk and to have replaced the same with the new and solid cross-tie, and it is highly probable and reasonable to presume that the runway was repaired, and made safe after the injury, and before other employees were allowed to use it.

Counsel for defendant complains of the refusal of the court to give instructions numbered 2 and 3, the first, in effect, being that the master is not an insurer of the servant's safety, but is required to use such ordinary care and diligence as may be reasonable in view of the work and the dangers incident to the employment, and, in the last, that the fact of any injury does not raise a presumption of negligence, both of which were fully covered by the court in his general instructions, although not in the form submitted by counsel, yet the effect was the same.

The next assignment relied upon by the defendant which was refused by the court, was to the effect that if the jury found that the plaintiff, in conjunction with his other colaborers, assisted in the construction of the runway and knew the manner in which it was constructed, and that Hicks, the defendant, did not direct the construction of the same, but on the contrary, had

used ordinary and reasonable diligence in furnishing proper and suitable material for the construction of the same, the verdict should be for the defendant. It was wholly unnecessary to give such an instruction, for the record shows without dispute that, while the plaintiff helped to carry and place the plank used in making the runway, yet he did all under the supervision and direction of the defendant, and that the defendant, Hicks, himself placed the plank in question on the ground and fastened it, and that plaintiff at no time had anything to do with that end of the plank, which, as the evidence shows, was the cause of the injury, hence there was no error in the refusal of this instruction. In 26 Cyc. 1142, it is said:

"* * * If he (the employer) knew, or should have known, by the exercise of reasonable care and diligence, of the defect, he is liable."

Under the general charge given by the court to the jury, especially as found in the third instruction, this phase of the case was thoroughly covered, and the duty of the jury on this question was made clear.

Neither is there any merit in the contention of counsel that the court erred in giving instruction No. 7, which reads as follows:

"If you find there was a defect in the runway on which, or from which, plaintiff received the injury complained of, and that the fall of the plaintiff was caused by a defect in said runway, then before you can find for the plaintiff you must find that the defendant Hicks had knowledge of said defect, or could have ascertained knowledge thereof by the exercise of reasonable, proper, and ordinary diligence."

This phase of the case was also fully covered by instruction No. 3 in the general charge to the jury. No objection is offered to the instructions given by the court, and an examination of them, as a whole, shows that they are fair, and that every material issue is covered in the general charge. The instructions refused, as has been shown, were in fact given in substance, and, where such has been done, this court will not interfere, unless it appears that the giving or refusal of some instruction

operates prejudicially to the substantial rights of the complaining party.

After a careful review of the entire record, and a full consideration of all the assignments of error relied upon by the defendant, we are unable to discover any error of sufficient merit to warrant an interference with the verdict in this case.

The judgment of the district court of Hughes county should, therefore, be affirmed.

By the Court: It is so ordered.