## HENRY v. MORRIS & CO.

No. 3256.   Opinion Filed April 17, 1914.

(140 Pac. 414.)

1. **EVIDENCE—Witnesses—Expert Testimony.** In an action for injuries caused by the negligent construction of the framework of a building, where it is necessary for the jury to understand how it is constructed in order to determine whether it is negligently done, and such framework is so complicated that the jury cannot understand how it is constructed without the testimony of an expert, it is not improper to admit expert testimony; and, in such case, architects, carpenters, and builders, if their experience and observation are shown to be sufficient, are competent to testify.

2. **INSTRUCTIONS APPROVED.** Instructions examined and held to contain no material error.

3. **APPEAL AND ERROR**—Verdict—Inadequate Recovery. A judgment will not be reversed because of the smallness of the verdict, where it does not appear from the record that the verdict is less than the actual pecuniary loss sustained, nor that the jury was wrong in its estimate of the extent of the injuries.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Hayden Henry against Morris & Co., for damages. Judgment for plaintiff, and plaintiff brings error. Affirmed.

*Moss, Turner & McInnis,* for plaintiff in error.

*Ames, Chambers, Lowe & Richardson,* for defendant in error.

Opinion by HARRISON, C. This was an action by Hayden Henry against Morris & Co., for damages sustained from a fall. Henry was a carpenter in the employ of Morris & Co., in the construction of its packing plant. At the time of the fall and the injuries complained of, he was engaged in removing a temporary floor, and, while doing this work, he was standing on a joist or crossbeam, and, while in the act of raising a piece of lumber, the joist or crossbeam on which he was standing turned, throwing him head foremost some ten or twelve feet into the basement beneath. The action is based upon the defective and negligent construction of the joist in that it was not sufficiently braced or nailed to constitute a safe place upon which to stand while doing the work he was engaged in doing. The defendant company denied any negligence, and charged plaintiff with contributory negligence in failing to use ordinary care and prudence in the premises, and the cause was tried upon the question of negligence on the part of the company and contributory negligence on the part of the plaintiff and on the question of the extent of the injuries sustained. The jury returned a verdict in favor of plaintiff in the sum of $1, and plaintiff appeals upon the ground that the court erred in refusing to set the verdict aside and grant a new trial because of errors in the admission of cer-

tain expert testimony, and errors in certain instructions, and upon the further ground of error in refusing to set aside the verdict because of the smallness thereof.

While, under the peculiar circumstances of this case, we think we might properly hold that the actions of the court in the admission of the testimony complained of, and giving of the instructions complained of, if erroneous, were harmless for the reason that plaintiff obtained a verdict in his favor and got everything he asked for except the amount of damages he claimed, and no complaint is made of the instructions of the court as to the measure of damages, yet, from its character under the circumstances, we feel it proper to hold that no error was committed in the admission of the testimony complained of. The testimony in question was that of experienced carpenters, builders, and contractors. The condition of the framework of the structure, the number of beams and joists, and the purpose for which they were put in, and the support they were intended to give, and the weight they were intended to bear, and uses for which they were put in were so complicated that it would have been extremely difficult, if not wholly impossible, for the jury to understand just what the facts were without some explanation by parties who knew, and the case does not fall within the rule announced in *Hicks v. Davis*, 32 Okla. 195, 120 Pac. 260, for in that case the facts were so plain and simple, and all the conditions being such as to be matters of such common understanding as to be put before the jury without the necessity of expert explanation. The opinion of experts in that case would not have given the jury any additional light as to what the facts actually were, and in such cases the authorities have generally rejected expert testimony. While, on the other hand, whenever conditions are such that the jury cannot understand just what the facts are, or in cases where they may be materially enlightened as to what facts existed, experts have been allowed to testify, and, as a general rule, architects, carpenters, and builders, if their experience and observation are shown to be sufficient, are qualified as experts.

The rule is stated in 12 Am. & Eng. (2d Ed.) 430, as follows:

"A builder may give his expert opinion as to whether the walls of a building were sufficient to sustain it. Builders have been held competent to give an opinion as to whether the floor and joists of a grand stand in a park were sufficiently strong to endure the strain which they were intended to bear. The effect of a knot or crossgrain upon the strength of a piece of timber, the character and strength of hemlock as a scaffolding material, the strength, toughness, and durability of certain anchoring strips, and the length of time bridge timbers had been decayed are all proper subjects of expert testimony by carpenters and builders."

In 17 Cyc. 228, the rule is stated as follows:

"Witnesses, like architects, builders, contractors, or engineers, who are shown to have adequate experience of the trade at a period which would make their knowledge relevant and to be adequately qualified to form a judgment as to the matter of which they purported to speak, may testify as to the cost of houses or other structures, and as to the effect, propriety, safety, or time required for particular operations. The strength of particular forms of construction and whether sufficient for an intended use. * * *"

Practically the same rule is announced in Chamberlayne on Mod. Ev. sec. 2382, and supported by an ample list of authorities. Hence we must hold that no error was committed in this regard.

Also, from an examination of the court's instructions, we cannot say that any material error to plaintiff's prejudice is to be found in the charge. Considered as a whole, as one entire charge upon the material issues involved, we think the law was stated with reasonable fairness and correctness.

As to the other question, namely, that the verdict is too small, we cannot say, as a matter of law, that the court erred in refusing to set the verdict aside on this ground, nor do we feel justified in saying that as a matter of fact, under the evidence, the jury was wrong in their estimate of the injuries plaintiff sustained. They heard and weighed the testimony as to the extent of his injuries, and under proper instructions from the court determined such issue, and we cannot say, from an exam-

ination of the record, that his injuries were greater than those found by the jury, nor that, as a matter of law, the judgment should be reversed, and the cause sent back for another trial.

We believe the judgment should be affirmed.

By the Court: It is so ordered.