## TURNER-TULSA CO. v. H. SCHNELL & CO.

No. 15092—Opinion Filed Nov. 18, 1924.

### (Syllabus.)

**Evidence—Expert Testimony—When Necessary.**

In a case where the subject-matter is one with which the average experience and common sense of the jury or triers of fact are insufficient to deal, and from the primary facts they cannot intelligently determine the ultimate facts or reach the proper conclusion which should be deduced therefrom, there becomes competent as evidence the opinion of one who, from study and experience. is an expert in his knowledge of such matters. The refusal of the court to receive such proffered proof. when clearly competent, is ordinarily reversible error.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by H. Schnell & Company against the Turner-Tulsa Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Woodard & Westhafer, for plaintiff in error.

Phillip J. Kramer, Luther P. Lane, and Richard P. Colley, for defendant in error.

LYDICK, J. The Turner-Tulsa Company, a corporation, engaged in the wholesale fruit and vegetable business, gave its written order to a New York broker to ship it from New York a car of onions with specifications named and at a designated price, f. o. b. New York. The broker in writing accepted the order and then, claiming to act as agent for the Turner-Tulsa Company, entered into a written contract with H. Schnell & Company, a corporation, to fill this order, therein agreeing that delivery to the common carrier at New York should be delivery to the purchaser. The onions were loaded on the cars and consigned to Turner-Tulsa Company at Tulsa and arrived there ten days later. The consignee inspected the onions, declared them badly diseased and decayed, and asserted that from their condition it was evident that the onions were diseased when delivered on the cars at New York. Consignee says that the onions were affected with a disease known as black mold,

which is implanted in the onion while it is growing in the field and which in its early stages of development can be discovered only by cutting the onion, and which disease ultimately causes the onion to rot and decay. For these reasons the consignee refused to receive the shipment and the consignor, protesting against consignee's refusal to receive the same, diverted the shipment to St. Louis, Mo., where at private sale, entirely nonjudicial, it resold the onions to the Sommer Fruit Company for a price less by $408.48 than the contract sale price to the original consignee.

The consignor claims that said onions were entirely sound and merchantable when loaded on the car at New York; denies that same were in any manner defective upon their arrival at Tulsa, and says that if same were then defective by disease or decay, this condition was created by the warmth of the weather and an alleged delay of three or four days in the shipment in transit. The consignor asserts facts which, if true, would show that when it loaded the onions in the cars at New York, the same amounted to a delivery to the consignee and that title to the onions then passed to the consignee. Consignor says that it retook possession of the shipment after the consignee refused same at Tulsa and resold same so as to minimize the damages caused by consignee's alleged breach of contract. Upon the theories by it alleged as above set out, the consignor brought this action in the district court of Tulsa county to recover damages in the sum heretofore named according to the theory and measure thereof already recited. The jury's verdict was for the consignor, as plaintiff, and against the consignee, as defendant, and the court rendered judgment accordingly. Defendant has appealed to this court.

From an examination of an onion anyone may easily know whether it is decayed, but whether an onion is diseased and the cause and nature of that disease requires technical knowledge gained only from a study and experience not common generally to laymen, and is a matter upon which the opinion of a skilled, learned, and experienced expert is competent evidence. It was important in this case to know whether the defects in the onions were caused by the shipment or by a disease. Could certain temperature and conditions in the railroad car in which these onions were shipped cause these onions, if sound and undiseased when loaded in the car, to become, during the ten-day period occupied in transit, decayed and defective, as defendant says these onions were found upon their arrival in Tulsa. This fact is far better known by such experts as we have referred to above than can possibly be known by laymen not at all experienced in the onion business, and the opinion of experts upon the question is competent evidence, although its weight and sufficiency when received is subject to many limitations. See 22 C. J. page 545, and authorities there collected.

The court received such expert testimony from the plaintiff, but denied this right to the defendant. The court even refused the defendant the right to prove that the onions had the disease above specified when they arrived in Tulsa and that such disease could not have been produced by the shipment en route. It denied the defendant the right to show by such experts or laymen that this disease could not have been discovered by the mere casual inspection of the onions which plaintiff's witness claims to have made in New York. In fact, the court seemed to pursue the theory, if any theory in fact it had, that the only evidence competent upon the issue was the testimony of witnesses who saw the onions while they were being loaded in the car at New York. It is true that here and there in the record appears a sprinkle of some testimony for the defendant along these lines, but it usually is some answer of a witness hurriedly made without objection, and then often accompanied by a biting criticism by the court. The defendant offered in evidence a report of a microscopic examination of these onions, showing them diseased with black mold. The parties had stipulated that this report might be received in evidence as competent, subject only to objection as to its materiality and relevance, and yet the court sustained an objection thereto. This evidence went to one of the most important matters in the case, concerning which defendant had no other proof.

All the rulings of the trial court adverse to the defendant and to which we have referred were erroneous except that it was not error to receive the opinion evidence produced by the plaintiff. Numerous other errors appear in the record, some of which have been duly preserved and presented for our consideration. They may not occur in a retrial and are, therefore, not considered here.

The judgment of the lower court is reversed and the cause remanded for a new trial.

McNEILL, C. J., and NICHOLSON, JOHNSON, BRANSON, WARREN, and GORDON, JJ., concur.