## INDEPENDENT MATERIAL & SUPPLY CO. v. MARSHALL.

No. 17841.   Opinion Filed Jan. 31, 1928.

Rehearing Denied March 6, 1928.

(Syllabus.)

**Evidence—Expert Testimony—When Exclusion Reversible Error.**

In a case where the subject-matter is one with which the experience and common judgment of the jurors are insufficient to enable them to reach a proper conclusion and from the primary facts they cannot determine the ultimate facts or reach the proper conclusion which should be deduced therefrom, there becomes competent, as evidence, the opinion of one who, from study and experience, is an expert in such matters, and the refusal of the court to receive such proffered proof when clearly competent is reversible error.

Error from Common Pleas Court, Tulsa County; Saul A. Yager, Judge.

Action by Edward P. Marshall against the Independent Material & Supply Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Jack Hayes, Albert A. Hughes, and Bailey E. Bell, for plaintiff in error.

G. C. Spillers and McGuire, Marshall & Bodovitz, for defendant in error.

PHELPS, J. This cause comes here on appeal from the common pleas court of Tulsa county, in which court defendant in error, as plaintiff below, filed his petition against plaintiff in error here, which was defendant below, praying for damages for defective material and workmanship in the roof which plaintiff in error put on the house of defendant in error. Judgment was for plaintiff in the court below, and in the appeal defendant, plaintiff in error here, makes several assigments of error, but, as we view it, the judgment must be reversed because of the error of the trial court in refusing to admit certain testimony offered, and it is, therefore, unnecessary to consider the other assignments of error.

In proving the allegations of his petition that the material and workmanship were defective, plaintiff below offered the evidence of an expert or professional roofing man who testified that he had examined the roof and that the workmanship was improper and defective. To refute this allegation and evidence in support thereof the defendant offered the testimony of three expert or professional roofing men who had had experience varying from one to ten years and offered to show that the roofing was properly put on. This evidence was by the court excluded upon the objection of plaintiff and of this plaintiff in error complains.

It was the contention of the defendant below that the defects in the roofing were not in the material or workmanship, but were caused by the defective condition of the surface upon which the roof was laid, and it is the contention of plaintiff in error that it had a right to show by experts that the roofing was properly put upon the house, particularly after the plaintiff below had offered evidence showing that it was improperly placed thereon.

It is the contention of counsel for defendant in error that plaintiff in error might show the condition of the roof, but it was within the province of the jury to determine from the condition shown whether it was properly constructed, and cite several authorities tending to support this view. With this contention, however, under the condition of the record in this case, we cannot agree. The gist of the action was whether the roof was properly put upon the house. Plaintiff was permitted to show by one witness that the workmanship was defective, and, as we view it, nothing is more elementary or fundamental than that the defendant might then show by experienced roofers that the roof was properly constructed, each being permitted to show the exact manner in which it was constructed, and upon this evidence, plus the evidence of the expert roofers both pro and con, the jury should reach its verdict. This rule has support in the opinion of this court in Turner-Tulsa Co. v. Schnell, 107 Okla. 125, 230 Pac. 918.

The judgment of the trial court is reversed, and the cause remanded, with instructions to grant a new trial.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 22 C. J. p. 538, §628; 11 R. C. L. p. 565; 4 R. C. L. Supp. p. 712.