NORTH AMERICAN ACCIDENT INSUR-
ANCE COMPANY, Plaintiff in Error,

v.

R. A. BURKETT, Defendant in Error.

No. 36308.

Supreme Court of Oklahoma.

March 22, 1955.

Charles Hill Johns, Oklahoma City, for plaintiff in error.

Earl E. James, George Miller, Sr., Oklahoma City, for defendant in error.

riod not to exceed 60 months for disability resulting from an accidental injury. The defendant company admits that plaintiff is disabled, but claims his disability is due to sickness as defined by the policy. It has paid plaintiff for 11 months and tendered payment for the 12th month, but plaintiff claims his disability resulted from an accidental injury and that he is entitled to be paid for the period of his disability not exceeding 60 months.

Trial to a jury resulted in a verdict and judgment for plaintiff and defendant brings this appeal.

Plaintiff's evidence tended to show that on July 28, 1951, he received an accidental blow on the head; that he was immediately taken to the hospital where he was examined and found to be suffering from what the examining physicians described as a blood clot or cerebral vascular accident which caused a partial paralysis and from which plaintiff had been continuously and totally disabled to the date of the trial.

The determination of the cause of plaintiff's disability, whether from sickness or accidental injury, presented a question in which the court and jury must be guided by the testimony of medical experts. Turner-Tulsa Co. v. H. Schnell & Co., 107 Okl. 125, 230 P. 918; Beasley v. Bond, 173 Okl. 355, 48 P.2d 299.

Keaton, Wells, Johnston & Lytle, Oklahoma City, for plaintiff in error.

W. F. Smith, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an action brought in the District Court of Oklahoma County by R. A. Burkett against North American Accident Insurance Company to recover on a health and accident insurance policy issued by said insurance company.

For convenience, the parties will be referred to as they appeared in the trial court.

The terms of the policy in question provide for monthly payments to the insured for a period not to exceed 12 months for disability caused by sickness, and for a pe-

Several physicians who had examined plaintiff were called as witnesses and they were all in agreement that plaintiff was disabled as a result of a blood clot or cerebral vascular accident which had brought about a partial paralysis, but there was a difference of opinion among them as to whether this condition was the result of a blow on the head or some cause not related to a traumatic injury.

The only medical witness called by the plaintiff was Dr. B. who stated, in substance, that he examined the plaintiff, first on Feb. 28, 1952, and again on the day before the trial; that he tested the patient's reflexes; that he observed an atrophy or shrinking of the right arm and leg; that the patient had a difficulty in his speech; and that he "presented a clear-cut picture of a paralysis due to cerebral vascular ac-

cident, which means a blood clot in the brain." He further stated that he obtained a history from the patient of having sustained a blow on the head on July 28, 1951, from which time he had been continuously partially paralyzed. The witness further stated that the subjective symptoms taken from the history supported the objective findings, and that it was his opinion that the plaintiff's condition was the result of the injury sustained by plaintiff on July 28, 1951.

On cross-examination Dr. B. stated, in answer to one question, that his diagnosis was based solely on history obtained from the plaintiff. He also stated that a person might suffer a cerebral vascular accident while asleep in bed, and that in some instances the cause could not be determined.

It is contended by counsel for defendant that the court erred in overruling his motion for a directed verdict, because Dr. B. based his opinion entirely on statements made to him by the plaintiff and that, depending on this doctor's testimony, the jury's verdict was based on speculation and conjecture.

 We cannot agree with this contention. It might appear from one answer of the doctor, standing alone, that his diagnosis depended entirely on the history, but when it is considered in connection with his entire testimony, it is apparent that he made objective findings based on a physical examination, and that his opinion was based upon his objective findings, as well as history. This history is amply supported by plaintiff's testimony in the trial of this case.

 A physician in giving evidence as an expert may base his opinion upon his observation and examination of the patient together with a history of the case as given to him, and such opinion will not be rendered inadmissible in evidence because based partly upon statements made to him by the patient. Ft. Smith & W. Ry. Co. v. Hutchinson, 71 Okl. 139, 175 P. 922.

It is next contended by counsel for defendant that the court erred in excluding certain evidence offered by defendant.

Counsel for plaintiff on cross-examination had asked Mr. Hamer, who was an agent for defendant insurance company, if he had been called upon to discuss Mr. Burkett's claim with the Insurance Commissioner, to which the witness replied in the affirmative. On re-direct examination the court permitted defendant's counsel to go into the question of the witness' discussion with the Insurance Commissioner until it developed that the discussion concerned a claim before the Industrial Commission and had nothing to do with the claim herein involved, at which point the court would permit no further questioning along that line and instructed the jury to disregard all testimony concerning it. We think the court's ruling on that point was proper.

Supersedeas bond having been filed herein judgment is rendered accordingly in favor of plaintiff thereon.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.