Arthur BRAGGS, a minor, by his father and next friend, Clifford Braggs, Plaintiff in Error,

v.

E. R. REESE and Orvel Billie Elliott, Defendants in Error.

No. 38690.

Supreme Court of Oklahoma.

Dec. 20, 1960.

Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, for plaintiff in error.

Mart Brown, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by plaintiff, Arthur Braggs, a minor, from judgment on verdict for defendants, E. R. Reese and Orvel Billie Elliott, in an action to recover damages for bodily injuries arising out of a collision between an automobile driven by plaintiff's mother, in which plaintiff was a passenger, and a truck-trailer owned by defendant Reese and driven by defendant Elliott. The collision occurred about 11:30 p. m. on December 30, 1957, on North Eastern Street, in Oklahoma City, at a point approximately one-quarter mile south of the northeast bypass.

Plaintiff's version of the collision was that the front of the car in which plaintiff was riding, traveling south, collided with the rear of defendants' truck-trailer which was stopped on the roadway without lights or flares. Defendants' version was that their truck-trailer, when the collision occurred, was proceeding about ten miles per hour up the hill in low gear and that there were nine lights burning on the rear of the truck.

The sole proposition urged on appeal is that the trial court erred in refusing to permit the Oklahoma Highway Patrolman who investigated the collision to give his opinion, based on his experience and observation of the roadway and vehicles, as to whether the truck was stopped or moving at the moment of impact.

The proceedings leading up to the excluded question and answer were, as follows:

The patrolman testified that he was notified of the collision by radio and arrived at the scene about midnight. He did not see any lights burning on the truck, or flares around the truck. The roadway was blacktop, twenty-two feet wide including a two-foot concrete shoulder. The truck was situated so that the left side extended about five inches east of the center of the roadway. He observed that the front of the automobile had collided with the rear of the truck and the front of the automobile was under the rear of the trailer.

He further testified that he examined the roadway in the vicinity of the collision and found no skid marks from either vehicle. He further testified that when he arrived the vehicles were still in the position they were at the time of the impact, the front of the car being under the back of the truck and "engaged." He further testified that he found debris, dirt, glass and things of that nature at the point of impact. This witness identified photographs (Plaintiff's exhibits 1, 2, and 3) of the vehicles as they appeared when he arrived at the scene of the accident and stated that they showed the glass and other debris which had fallen from the vehicles as a result of the impact. He also testified that there was a dent or mark in one of the left rear tires of the truck but he was unable to determine what had made the mark. Counsel for plaintiff inquired of the witness if he had and would express an opinion as to whether the truck was moving or standing still at the time of the accident. The trial court sustained defendant's objection to an opinion from this witness and plaintiff made the following offer of proof:

"That he (the witness, highway patrolman) made an examination at the scene of this accident and when both vehicles were in the positions that they came to rest at the time of the accident, and from that examination made and of the different parts, the rear of the truck and the front of the Buick, upon examining those, he determined that this truck was stopped at the time

of the accident, and would so testify if permitted to do so."

The question presented is whether the trial court erred in refusing to permit the patrolman to express his opinion that the truck was stopped at the time of the accident based upon the patrolman's testimony, the photographs, and the offer of proof. The answer to this question will be found in former decisions of this court.

■ In Federal Oil & Gas Co. v. Campbell, 65 Okl. 49, 183 P. 894, we held that as a general rule a witness should not be allowed to give an opinion as to the ultimate fact, but recognized an exception when the matter involves a question of science or peculiar skill to such a degree that when the facts in the case are presented in evidence it is impossible for a person of ordinary understanding and experience to draw a proper conclusion therefrom. We have consistently held, in following the exception to the general rule, that if the facts presented are of a scientific nature or so technical that a person of ordinary understanding and experience is unable to evaluate or appreciate the significance of the facts and thus draw a proper conclusion therefrom, then it is permissible for a skilled person in that science or art to express his opinion based upon and drawn from the facts proven. We have followed the exception in many early decisions from this court. Boston v. Hewitt, 8 Okl. 401, 58 P. 619; Henry v. Morris & Co., 42 Okl. 13, 140 P. 413; Chicago, R. I. & P. Ry. Co. v. Pruitt, 67 Okl. 219, 170 P. 1143; Turner-Tulsa Co. v. H. Schnell & Co., 107 Okl. 125, 230 P. 918; Tibbets & Pleasant, Inc., v. Cook, 143 Okl. 101, 287 P. 1014; Oklahoma Gas & Electric Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077; and Beasley v. Bond, 173 Okl. 355, 48 P.2d 299.

■ In Hicks v. Davis, 32 Okl. 195, 120 P. 260, we followed the general rule and held in the first paragraph of the syllabus as follows:

"It is not error for a trial court to refuse admission of experts, or opinion evidence, in a case where the facts and circumstances can be fully and adequately described to the jury, and are such that their bearing on the issues can be estimated by all men without special knowledge, experience, or training."

We followed the general rule in Federal Oil & Gas Co. v. Campbell, 65 Okl. 49, 183 P. 894, and in Mid-Co Petroleum Co. v. Allen, 110 Okl. 101, 236 P. 426.

The facts in the instant case will tell us whether the trial court did, or did not err, in following the general rule and holding in effect that the jury did not need the assistance of the patrolman in determining whether the truck was stopped or in motion at the time it was struck by the vehicle in which plaintiff was riding.

■ We understand the facts to be that the debris was found at the point of impact; that the truck did not move away from the debris, or from the point of impact; and that the vehicles remained in the position of impact. We see nothing in the offer of proof that would enhance the testimony of the patrolman or that suggests facts of a complicated nature difficult to understand. Under the facts presented here we do not see how the jury would have any difficulty in determining whether the truck was stopped or in motion at the time it was struck by the vehicle in which plaintiff was riding. We conclude that the trial court did not err in following the general rule and in excluding the opinion testimony of the highway patrolman.

Subsequent to the filing of appeal in this court the plaintiff (plaintiff in error herein) has invited our attention to the fact that his father and next friend, Clifford Braggs, is now deceased, and plaintiff requests this court to substitute his mother, Gertie Braggs, as his next friend, and it is so ordered.

The judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J. and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.